Evagene BARBER, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,** Defendant.

Civ. A. No. 93–CV–40297–FL.

United States District Court, E.D. Michigan, Southern Division—Flint.

Dec. 19, 1994.

182

Robert W. Haviland, Asst. U.S. Atty., Flint, MI, for plaintiff.

Marc J. Sussman, Flint, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

This is an action brought by plaintiff, Eva-gene Barber, pursuant to 42 U.S.C. § 405(g) seeking judicial review of defendant Secretary of Health and Human Services' denial of Social Security disability insurance benefits. Before the Court are the Magistrate Judge's Report and Recommendation, defendant's objections and plaintiff's response thereto. The Magistrate Judge has recommended that this Court reverse the Secretary's denial of benefits and remand this matter for an award of benefits. For the reasons that follow, the Magistrate Judge's Report and Recommendation is ACCEPTED IN PART and REJECTED IN PART and this action is REMANDED to the Secretary for further administrative proceedings as specified herein.

### I.A.

Plaintiff applied for disability benefits on September 11, 1991, claiming disability as of January 28, 1991 due to adhesive capsulitis of the right shoulder, chronic rotator cuff tendinitis, and subacromial bursitis of the left shoulder. Her application was denied both initially and upon reconsideration. On March 12, 1993, an administrative hearing was held and a decision was issued by the administrative law judge ("ALJ") on April 17, 1993, finding plaintiff not disabled.

The ALJ found that plaintiff did suffer from severe adhesive capsulitis of the right shoulder, chronic rotator cuff tendinitis, and subacromial bursitis of the left shoulder. He found, however, that these did not meet, singularly or in combination, the Listing of Impairments. He found that plaintiff's testimony concerning pain and limitations was not fully credible. The ALJ further found that plaintiff had a residual functional capacity for work that did not involve lifting more than five pounds, only occasional standing or walking, and did not require doing any push-

ing, pulling, or performing repetitive movements with her hands or arms, or any work above shoulder level. He found that plaintiff was unable to perform her past relevant work as a corporate manager, pension administrator, sanitation office manager, and compensation and benefits manager. The ALJ did find, however, that plaintiff had a residual functional capacity to perform a limited range of sedentary work. He found that plaintiff had transferable skills, including personnel management, use of business mathematics, interpersonal skills, and formal report writing, and that these could be applied to semi-skilled work functions.

While not contained in his formal findings, the ALJ in his decision summarized the testimony of the vocational expert, who testified that plaintiff could transfer her skills with minimal or no vocational adjustment in tools, work processes, work setting, or industry. Specifically, the ALJ found that "these skills are highly marketable (20 C.F.R. 404.1563(d)). This finding is based on almost universal applicability of these skills in the private sector, including almost any corporation large enough to fund a pension plan for its employees." Transcript at 22. In concluding that plaintiff was not disabled, the ALJ found that plaintiff could perform a limited range of sedentary semi-skilled jobs, including personnel clerk, interview clerk, order clerk, production clerk, and billing clerk and that these positions were available in significant numbers in the regional economy.

Following the hearing, plaintiff was invited to supplement the administrative record with additional treatment notes. These notes, however, were not submitted before the ALJ issued his report and were entered as exhibits before the Appeals Council. The evidence in question consists of progress notes made by plaintiff's treating physician, Larry Pack, M.D., during the period from March 28, 1991 through February 2, 1993. Because the Appeals Council denied review, however, these notes are not part of the administrative record for this Court's review under 42 U.S.C. § 405(g). *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir.1993).

### B.

■■■■ It is this Court's responsibility to review the Secretary's decision regarding benefits to determine whether there is substantial evidence in the record to support that decision. *Back v. Califano*, 593 F.2d 758, 760 (6th Cir.1979). The Court may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir.1984). Even if this Court might arrive at a different factual conclusion, the decision must be affirmed if it is supported by substantial evidence. *Lane v. Gardner*, 374 F.2d 612, 616 (6th Cir.1967).

### C.

Defendant Secretary maintains that her decision is supported by substantial evidence; nevertheless, she has not made specific objections to the Magistrate Judge's finding to the contrary. Defendant Secretary does specifically object, however, to the Magistrate Judge's recommendation that the Court direct the Secretary to award disability benefits. The Secretary maintains that the correct disposition of this case is a remand for further proceedings rather than an order of reversal directing an award of benefits. While the Court finds substantial evidence in support of defendant Secretary's non-disability finding to be lacking, the Court agrees with the Secretary's latter assertion that the proper disposition of this action is a remand for further administrative proceedings.

### II.

First, this Court agrees with the Magistrate Judge's finding that the Secretary's denial of benefits is not supported by substantial evidence. The Magistrate Judge concluded that there is a lack of medical evidence to support the ALJ's rejection of plaintiff's credibility or the opinions of her treating physician and that the ALJ's findings concerning plaintiff's transferable skills were inadequate. Defendant Secretary offers no additional argument to support her position that her decisions are, in fact, supported by substantial evidence.

The Magistrate Judge is correct that the ALJ relied upon a faulty conclusion that plaintiff's transferrable skills were highly marketable within the limited range of employment identified by the vocational expert due to plaintiff's residual functional capacity. The Secretary must determine whether plaintiff's transferable skills are highly marketable *within the range of employment that plaintiff is capable of performing*. The vocational expert did not testify that plaintiff's skills in personnel management, use of business mathematics, interpersonal skills, and formal report writing were highly marketable—or even substantially useful—in the positions allegedly available to plaintiff as a personnel clerk, interview clerk, order clerk, production clerk, or billing clerk. In fact, plaintiff's pension fund management skills are not clearly relevant to the clerical work prescribed by the vocational expert and the ALJ's conclusion that these skills are highly marketable for plaintiff is not supported by substantial evidence. Further, the Court finds that on remand the ALJ should consider the new evidence, consisting of plaintiff's treating physician's reports (*see* discussion *infra*), and reevaluate plaintiff's credibility regarding her residual functional capacity.

Thus, the Court finds that defendant Secretary's denial of benefits is not supported by substantial evidence and, to that extent, the Magistrate Judge's Report and Recommendation is accepted as the opinion of this Court.

### III.

Having found a lack of substantial evidence to support the Secretary's denial of benefits, the Court next must address defendant's objection to the Magistrate Judge's recommendation that the Court direct the Secretary to award disability benefits. In determining whether to remand for further proceedings or for an award of benefits, two issues must first be addressed: (1) whether the Magistrate Judge may use evidence initially submitted to the Appeals Council in making this determination; and (2) whether in making this determination the Court is bound by the current Social Security regulations governing the evaluation of treating physicians' opinions.

### A.

As to the first issue, the Magistrate Judge concluded that "while Dr. Pack's supplemental evidence was not allowed to be considered on the underlying question of the sufficiency of the evidence, I believe it can be considered in this Court's determination as to whether or not to remand." Report and Recommendation at 16. In her objections, defendant Secretary asserts that "the magistrate judge erred ... in concluding that he may consider the Appeals Council evidence for purposes of determining whether the case should be remanded or whether an outright award of benefits should be granted." Defendant's Objections at 5. In support of this position, defendant Secretary relies upon *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir.1993).

In *Cotton*, the court held that new evidence could not be considered by the district court where "the claimant failed to demonstrate good cause justifying a remand for administrative consideration of the new evidence." 2 F.3d at 696. In reaching this conclusion, the Sixth Circuit considered, and quoted extensively from, case law from two other circuit courts of appeals as well as a prior decision from this circuit. The case law which formed the basis of the court's reasoning in *Cotton* dictates the conclusion that evidence first presented to the appeals counsel can be considered neither in the district court's review of the ALJ's denial of benefits nor as a basis for remanding for an award of benefits. *Id.* at 695–96. *See Eads v. Secretary of Health and Human Servs.*, 983 F.2d 815, 818 (7th Cir.1993) ("courts may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council...."); *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir.1983) ("While a reviewing court may not grant disability benefits on the basis of newly disclosed evidence, it is proper to remand a case to the Secretary for reconsideration in the light of significant new evidence, relevant to the determination of disability at the time the application was first filed and not merely cumulative of evidence already before the

Secretary."). In holding that the new evidence supplied on appeal did not justify remand for further proceedings, the court relied heavily upon its holding in *Wyatt v. Secretary of Health and Human Servs.,* 974 F.2d 680 (6th Cir.1992), that " '[w]here a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material.' " *Cotton,* 2 F.3d at 696 (quoting *Wyatt,* 974 F.2d at 685).

■■■ Despite the Magistrate Judge's conclusion, both *Cotton* and *Wyatt* implicitly suggest that the Sixth Circuit has taken the position that, while in certain cases evidence first submitted to the Appeals Council may be considered in determining whether to *remand* a case for further proceedings, it may not be considered in determining whether to *reverse* a case for an award of benefits. As such, this Court holds that with regard to consideration of evidence first introduced at the Appeals Council level, the district court is limited to *remand* of the case for further proceedings, even if after consideration of this new evidence the Court would determine that reversal and remand for an award of disability benefits is warranted. That determination in the first instance is within the sole province of the Secretary.

■■■ Thus, the Court cannot grant benefits based upon the new evidence prior to the Secretary's evaluation of the petition in light of the new evidence. Therefore, the Magistrate Judge improperly considered the new evidence in recommending an award of benefits. The appropriate evaluation at this stage is: (1) whether in absence of the new evidence the Court should remand for an award of benefits; and, if not, (2) whether the new evidence is material, thereby requiring an order of remand for further administrative proceedings, *Wyatt,* 974 F.2d at 685. If the evidence originally before the ALJ does not require an immediate award, and if the new evidence is material to the claimant's petition, then remand for further proceedings is warranted.

## B.

Next, before determining whether reversal for an award of benefits is warranted, the Court must address whether at this stage of review the district court is bound by the current Social Security regulations governing evaluation of treating physicians' opinions. In answer to this question, the Magistrate Judge recommended that the district court may consider plaintiff's treating physician's opinions pursuant to the standard previously enunciated by the Sixth Circuit. In support of this position, the Magistrate Judge reasoned that:

While the Secretary under 42 U.S.C. § 405(a) has powers to adopt administrative regulations applicable to the administrative decision-making process, and this Court must defer to such regulation in determining whether there is substantial evidence to uphold the Secretary's *finding of facts,* the Secretary does not have power to adopt regulations limiting this Court's discretion in determining whether to remand for an award of benefits or for further administrative proceedings. That power is not under 42 U.S.C. § 405(a), but rather is delegated to the courts under 42 U.S.C. § 405(g). In the development of the treating physician rule, the Sixth Circuit has specified guidelines for this Court's exercise of it's review powers under 42 U.S.C. § 405(g). While much of that treating physician law may have been superseded and narrowed by the Secretary's new regulations in considering whether the evidence is substantial enough to uphold an administrative finding of fact, I believe the treating physician case law of the Sixth Circuit may still be used by this Court in determining how to exercise its power under 42 U.S.C. § 405(g) on whether to remand for an award of benefits or for further administrative proceedings.

Report and recommendation at 16–17 (emphasis in original).

■■■ Contrary to the Magistrate Judge's conclusion, this Court finds that the reviewing Court is, in fact, bound by the current Social Security regulations governing evaluation of treating physicians not only with regard to the substantial evidence determina-

tion, but also in determining whether to remand for further proceedings or for an award of benefits. It is not clear that this regulation does not apply to a court's determination made under 42 U.S.C. § 405(g) and there is no apparent justification for applying this regulation in one instance and not in the other. The Court holds that upon review the Court must apply the same rules as the Secretary in making the initial decision and any further decisions. The Court cannot merely apply the old treating physician standard because the Sixth Circuit has not yet ruled on the new standard. The Court agrees with the Magistrate Judge that the Secretary has the authority under § 405(a) to formulate the new regulation. The Court further concurs in the Magistrate Judge's belief that the Sixth Circuit will uphold the new regulation, as did the Second Circuit. *See Schisler v. Sullivan,* 3 F.3d 563 (2d Cir.1993). Given this belief, the Court must also apply the new standard in every instance of evaluation of the evidence presented at the administrative level. There is no rational reason to apply the regulation only in review of whether the Secretary's denial of benefits is supported by substantial evidence while applying the supplanted treating physician standard as formulated by the Sixth Circuit in consideration of whether to reverse for an award of benefits.

### C.

Finally, as previously noted, defendant Secretary objects to the Magistrate Judge's recommendation that the Court direct the Secretary to award disability benefits, maintaining that the correct disposition of this case is a remand for further proceedings rather than an order directing an award of benefits.

### 1.

In support of her position, defendant Secretary relies upon *Faucher v. Secretary of Health and Human Servs.,* 17 F.3d 171 (6th Cir.1994). In *Faucher* the Sixth Circuit held that:

[W]hen the Secretary misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must

be reversed, the appropriate remedy is not to award benefits. The case can be remanded under sentence four of 42 U.S.C. § 405(g) for further consideration. *Id.* at 175–176.

... If a court determines that substantial evidence does not support the Secretary' decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.... *A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.*

*Id.* at 176 (emphasis added).

■ Defendant Secretary asserts that evidence exists to contradict a finding of a disability. More specifically, the Secretary indicates that "[t]he treating physician's functional limitations [sic] would enable plaintiff to perform some work and are consistent with the ALJ's residual functional capacity finding." Defendant's objection at 3. In addition, defendant Secretary argues that:

"The magistrate judge failed to acknowledge that the ALJ reasonably concluded that while Ms. Barber's treating physicians stated she was unable to work at various times, the functional limitations they set forth were consistent with the ability to perform a limited range of sedentary work.... The ALJ properly rejected the treating physician's opinions because they were inconsistent with the functional limitations the doctors had set forth."

Defendant's objections at 4.

Furthermore, it does not appear from the record that there is conclusive medical evidence which supports a finding of disability if, in fact, plaintiff's functional limitations are consistent with the ability to perform a limited range of work and plaintiff's transferrable skills are highly marketable. As noted by the Magistrate Judge, "further testimony from a vocational expert involving the marketability of plaintiff's skills, and whether there are any jobs at the sedentary level she

can perform that call upon these more coveted skills," is required for a conclusive determination on this issue. Report and Recommendation at 15. Clearly, the requirements set forth in *Faucher* are not met here as: (1) all essential factual issues have not been resolved and the record does not adequately establish the claimant's entitlement to benefits; and (2) the evidence is neither "overwhelming" nor "strong with no evidence to the contrary."

Thus, reversal and remand for an award of benefits is not appropriate at this time.

### 2.

 The Court finds the new evidence to be material as it is " 'relevant to the determination of disability at the time the application was first filed and [is] not merely cumulative of evidence already before the Secretary.'" *Cotton,* 2 F.3d at 696 (quoting *Mitchell,* 699 F.2d at 188). The new evidence bears upon plaintiff's progress toward rehabilitation and is evidence of the seriousness of her condition both at the time her application was filed as well as over time. As it may affect defendant Secretary's evaluation of plaintiff's condition, her residual functional capacity, and her credibility, this new evidence should be considered upon remand.

### IV.

After reviewing the record, the Magistrate Judge's Report and Recommendation, and all objections and responses thereto, the Court finds that, for the foregoing reasons, the appropriate disposition of this case is a remand for further proceedings rather than an order directing an award of benefits. Therefore, the Magistrate Judge's Report and Recommendation is ACCEPTED IN PART and REJECTED IN PART. The Court rejects the Report and Recommendation to the extent that the Magistrate Judge recommends an award of benefits. The Court is remanding the matter for further determination regarding the marketability of plaintiff's transferrable skills, consideration of the new evidence submitted to the Appeals Council, and reevaluation of plaintiff's credibility concerning her residual functional capacity in light of the new evidence.

Accordingly, plaintiff's motion is GRANTED IN PART, Defendant's motion is DENIED and this matter is REMANDED to the Secretary for further proceedings consistent with this order.

SO ORDERED.