77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia HANDY, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY,[1] Defendant-Appellee.
 No. 94-6390.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Patricia Handy appeals from the District Court's decision affirming her denial of social security disability benefits. Plaintiff argues that the Secretary's decision is not based on substantial evidence in light of evidence obtained subsequent to the hearing before the Administrative Law Judge ("ALJ"). Because plaintiff failed to carry her burden of proof as to the materiality of the new evidence, and because we find the Secretary's decision to have been otherwise supported by substantial evidence, we AFFIRM the decision of the District Court.
 
 I.
 
 2
 Plaintiff Patricia Handy ("Handy") filed an application for disability insurance benefits in August of 1990. She claimed disability since January 15, 1987, alleging vision problems, hearing loss, dizziness (vertigo), breathing problems, wrist problems, back problems, leg problems, mass pain, abdominal pain and fatigue. Plaintiff's application was denied and was denied reconsideration. A hearing was held before an ALJ on March 18, 1992 and plaintiff's claim was subsequently denied.
 
 
 3
 Three months after the ALJ's decision, plaintiff received a computed tomographic scan ("C/T scan") of the lumbar spine and an electromyography with the following results:
 
 C/T Scan of the Lumbar Spine ...:
 
 4
 IMPRESSION: Mild bulging of the L5-S1 intervertebral disc without significant impingment [sic] upon the thecal sac or nerve roots. Moderate bulging of the annulus fibroeus of the 14-5 intervertebral disc without evidence of herniation. There is mild impingment [sic] upon the anterior aspect of the the cal sac and the 15 nerve roots bilaterally.
 
 Electromyography Report ...:
 
 5
 IMPRESSION: Abnormal study.
 
 
 6
 This study is consistent with chronic nerve fiber irritation bilaterally in an L5-S1 nerve root distribution. This study could be consistent with bilateral L5-S1 radiculopathy. Clinical correlation is required. No evidence for a peripheral polyneuropathy is identified.
 
 
 7
 Tr. 445-46.
 
 
 8
 This new evidence was brought to the attention of the Appeals Council as objective evidence of claimant's otherwise uncorroborated claims of back pain. The Appeals Council nevertheless denied review, pointing out that Handy last met disability insured status on March 31, 1992, and concluding that the new evidence, from February of 1993, was immaterial because there was no reason to believe that the new evidence related back to when plaintiff last met disability insured status.
 
 
 9
 The magistrate judge recommended affirmance of the Secretary's decision, agreeing with the Appeals Council as to the immateriality of the "new" evidence, and the District Court adopted the magistrate judge's recommendation on September 23, 1994.
 
 II.
 
 10
 In this circuit, when the Appeals Council has denied a request for review, the Secretary's decision is deemed to be the decision of the ALJ. Casey v. Secretary of Health & Human Serv., 987 F.2d 1230, 1233 (6th Cir.1993). We review the ALJ's decision to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g); Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990).
 
 
 11
 "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey, 987 F.2d at 1233. In this case, plaintiff conceded before the magistrate judge at oral argument that there was substantial evidence in the record to support the ALJ's findings on the basis of the evidence that was then before the ALJ. We agree that the ALJ's decision was based on substantial evidence and affirm on this issue.
 
 
 12
 Plaintiff, however, pointing to evidence which came into being only after the ALJ's decision, argues that the ALJ's decision was erroneous in light of the later acquired evidence. We do not reverse the Secretary's decisions on the basis of evidence first submitted to the Appeals Council when the Appeals Council denies review. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir.1993). However, upon a finding that the new evidence is material and that a good cause existed for its failure to be incorporated in the prior proceeding, we may remand with an order that new evidence be taken before the Secretary. 42 U.S.C. 405(g);[2] See Barber v. Secretary of Health & Human Servs., 870 F.Supp. 181, 184-85 (E.D.Mich.1994).
 
 
 13
 The Secretary does not question the "good cause" requirement in this case. The Secretary, however, argues that the new evidence proffered in this case is immaterial. Evidence can be considered material only if it would reasonably be expected to change the Secretary's decision. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988). The burden of proof is on the claimant to prove materiality of the new evidence. Id.
 
 
 14
 The Secretary argues first that the plaintiff's new evidence, coming almost a full year subsequent to the expiration of her insured status, is immaterial to her condition during her period of coverage. While agreeing with the general rule that later medical reports may relate back to an earlier time, the Secretary argues that in this case the medical reports do not relate back. The Secretary points out that earlier tests failed to reveal any evidence of back disorder. Furthermore, the new evidence does not on its face relate claimant's condition back to any earlier date. Cf. Gambill v. Bowen, 823 F.2d 1009, 1013 (6th Cir.1987) (1985 medical report clarifying a 1977 report by the same physician held to relate back).
 
 
 15
 Furthermore, in the alternative, the Secretary argues that the new evidence would not establish that the plaintiff was disabled even if it were indicative of her condition during the relevant time period.
 
 
 16
 In response to the Secretary's arguments, plaintiff is essentially silent. Her sole argument on appeal is that medical evidence gathered subsequent to the expiration of plaintiff's insured status may relate back to her period of eligibility. Plaintiff's argument fails to take the next crucial step and establish that the new evidence in this case, if considered by the Secretary, would reasonably be expected to change the Secretary's decision. Sizemore v. Secretary of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988).
 
 III.
 
 17
 Because plaintiff has failed to carry the burden of proving the materiality of new evidence, we AFFIRM the decision of the District Court.
 
 
 
 [1]
 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, § 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995), the Commissioner of Social Security has been substituted for the Secretary of Health and Human Services. This change has been noted only in this caption
 
 
 [2]
 The court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g)