Nancy A. COTTON, Plaintiff–Appellee,

v.

Louis W. SULLIVAN, Secretary, Health & Human Services, Defendant–Appellant.

No. 92–6392.

United States Court of Appeals, Sixth Circuit.

Argued June 22, 1993.

Decided Aug. 13, 1993.

Robert E. Francis (argued and briefed), James S. Miller, Francis Law Office, Cadiz, KY, for plaintiff-appellee.

Joseph M. Whittle, U.S. Atty., W. Brady Miller, Asst. U.S. Atty., Office of the U.S. Atty., Louisville, KY, Susan Sleater (argued and briefed), Freddi Lipstein, U.S. Dept. of Justice, Civ. Div. Appellate Staff, Washington, DC, for defendant-appellant.

Before: MILBURN and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

The Secretary of Health and Human Services appeals the district court's August 11, 1992 Order and Judgment awarding disability benefits to the claimant, Nancy A. Cotton. We reverse the district court for the following reasons.

I.

Thirty-five-year-old plaintiff-appellee Nancy A. Cotton ("Cotton") injured her left leg when she caught her foot in a recliner while working as a housekeeper at a rest home on February 13, 1987. Cotton, a high school graduate with previous experience as a seamstress and sewing machine operator, has not worked since.

On August 5, 1987, Cotton applied for disability insurance benefits. Defendant-appellant Secretary of Health and Human Services ("Secretary") denied Cotton's application. After Cotton reapplied for disability insurance benefits on May 4, 1989, an Administrative Law Judge ("ALJ") conducted a hearing and subsequently denied Cotton's claim:

From a physical standpoint, the medical evidence demonstrates that the claimant has a history of musculoskeletal strain and residual discomfort from chrondromalacia [sic] of the knees.... Despite the claim-

ant's reports that she is unable to perform any work activity, the restrictions of the treating physicians are consistent and reflect an ability to perform at least light work activity not requiring repetitive bending, stooping, lifting activities, or climbing. The claimant does not have a physical impairment which would either meet or equal the criteria outlined in the appropriate Listings of Impairments.

. . . .

The Administrative Law Judge sought the assistance of Dr. William Weiss [to evaluate] the severity of the claimant's mental functioning. After having [the] opportunity to observe the claimant at the hearing and hear her testimony, the medical expert opined a depressive syndrome with disturbances in appetite, sleep, and decreased energy. It is his opinion that the claimant does not have a major depressive syndrome[.]

Because of the claimant's testimony that she is able to do many activities when needed, including drive, light housework, and assisting in the care of her grandson, Dr. Weiss opined only moderate restriction of activities of daily living. . . . The claimant's testimony that she drives when she has to or if [she] needs to suggests she has potential to manage her pain better than she is presently doing. The Administrative Law Judge concurs with the opinion of the medical expert and concludes that the claimant does have a severe impairment which does not meet or equal a listed impairment and requires a residual functional capacity assessment.

Based upon the opinions of the treating physicians, including Dr. Morehead and Dr. Davies, the claimant is physically capable of performing light work activity, in which she could avoid repetitive bent-knee positions of squatting, bending, stooping, or climbing. . . . The Administrative Law Judge is persuaded that despite the claimant's testimony of severe pain, her activities of daily living reflecting an ability to do whatever she wishes, and the medical evidence support a residual functional capacity for at least light work activity.

Administrative Law Judge's March 6, 1990 Procedural History, Issues, and Decision at 3–4.

Following the ALJ's decision, Cotton sought an administrative appeal before the Appeals Council, and submitted new assessments by Dr. Theodore Davies (Cotton's treating physician), social worker Gene King, and vocational expert James Adams in support thereof. The Appeals Council refused to review Cotton's claim:

Your representative states that in view of the medical assessments by Mr. King and Dr. Davies and the deposition by Mr. Adams, it is readily apparent that you cannot perform any type of sustained, gainful activity. He states that you cannot perform the jobs named by the vocational expert at the hearing. The Appeals Council has carefully considered these comments and the additional information but finds no reason to change the hearing decision. Although Mr. King states that you cannot maintain the responsibilities or stress of full-time employment, he also states your [sic] have a fair ability to handle stress. In the other 15 categories in which he rated your ability to do work-related activities, Mr. King indicated that you have good to very good/unlimited ability. Dr. Davies' assessment indicates that you can do less than a full range of sedentary work. This assessment differs not only from other medical assessments already of record, but from Dr. Davies' earlier assessment in which he stated you should avoid heavy bending, stooping and lifting. He included no medical findings in support of the new assessment or any explanation of why he changed his opinion. Mr. Adams based his conclusion that there is no work which you can do, on the above medical assessments. The Administrative Law Judge's decision was based on the written evidence of record, and the testimony elicited at the hearing, including your testimony and that of a medical expert and vocational expert. In response to a series of hypothetical questions, the vocational expert testified that there are other jobs which you can do. The Council finds that the hearing decision is supported by the record.

December 28, 1990 Action of Appeals Council on Request for Review at 1–2.

Cotton appealed to the United States District Court for the Western District of Kentucky. Though the magistrate concluded that Cotton's claim could not be remanded to the Secretary because Cotton failed to demonstrate good cause for her failure to offer the new evidence at the administrative level, the magistrate concluded that the district court could consider the new evidence:

> The Court cannot remand for consideration of evidence that is presented after the ALJ's decision but prior to Appeals Council action unless the plaintiff satisfies the requirements for remand set forth in 42 U.S.C. § 405(g). She must show that the evidence is new, that it is material, and that there is good cause for the failure to incorporate it into the record at the administrative level.
>
> The Sixth Circuit takes a "harder line" on the "good cause" test. The claimant must give a valid reason for failing to obtain relevant examinations prior to the hearing.
>
> Here, the plaintiff has not addressed why she did not obtain the evidence from Mr. King, Mr. Adams, and Dr. Davies prior to the hearing before the ALJ. The court may not, therefore, remand for consideration of that evidence. The court itself may, however, consider the evidence.

Magistrate Judge's Report at 8–9 (citations omitted).

After considering the new evidence, the magistrate recommended that the Secretary's findings be reversed and that Cotton be awarded benefits. Notwithstanding the Secretary's exceptions to the Magistrate Judge's Report, the district court judge accepted the magistrate's recommendations and ordered that the Secretary pay Cotton benefits pursuant to her application.

The Secretary filed a timely notice of appeal challenging the district court's review of the new evidence that Cotton submitted to the Appeals Council following the ALJ's decision.

## II.

We review the final decision of the Secretary to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir.1993). A claimant bears the ultimate burden of establishing the existence of a disability. *Id.*

The Appeals Council, pursuant to 20 C.F.R. § 404.970(b), considered Cotton's new evidence but declined to review her claim. Section 404.970(b) provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). Citing 42 U.S.C. § 405(g), the district court reviewed the Secretary's decision and Cotton's new evidence and ordered that the claimant be awarded disability benefits.

In *Eads v. Secretary of Health & Human Servs.*, 983 F.2d 815 (7th Cir.1993), the Seventh Circuit held:

> Since the submission of the evidence precedes the Appeals Council's decision, and that decision, even when it denies review, is a precondition to judicial review, the new evidence is a part of the administrative record that goes to the district court in the judicial review proceeding, and then to this court if there is an appeal. It might seem therefore that the district judge and we would be free to consider the new evidence that was before the Appeals Council in deciding whether the decision denying benefits was supported by the record as a

whole. And of course this is right when the Council has accepted the case for review and made a decision on the merits, based on all the evidence before it, which then becomes the decision reviewed in the courts. It is wrong when the Council has refused to review the case. For then the decision reviewed in the courts is the decision of the administrative law judge.

. . . .

Our conclusion that courts may not reverse an administrative law judge's decision on the basis of evidence first submitted to the Appeals Council is consistent with the precedents in this circuit.

*Id.* at 817–18 (citations omitted). *See also Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir.1983) ("While a reviewing court may not grant disability benefits on the basis of newly disclosed evidence, it is proper to remand a case to the Secretary for reconsideration in the light of significant new evidence, relevant to the determination of disability at the time the application was first filed and not merely cumulative of evidence already before the Secretary.").

■ Though the Sixth Circuit has not squarely confronted this issue, this court implicitly accepted the Secretary's position in *Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680 (6th Cir.1992):

First, plaintiff contends that the Appeals Council "was presented with evidence indicating Mr. Wyatt met a Listing in a report from Dr. Reed dated 2/16/90," yet never considered this evidence.... This evidence would supposedly establish plaintiff's disability for eschemic [sic] heart disease. However, this report was dated "February 16, 1990," nearly four months after the hearing and one month after the ALJ's decision.

The court is confined to review evidence that was available to the Secretary, and to determine whether the decision of the Secretary is supported by substantial evidence. Where a party presents new evidence on appeal, this court can remand for further consideration of the evidence only where the party seeking remand shows that the new evidence is material.

*Id.* at 685 (citations omitted). *See also Willis v. Secretary of Health & Human Servs.*, 727 F.2d 551, 553–54 (6th Cir.1984) (notes that the record is closed at the administrative law judge level). *But see Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir.1992) ("When new and material evidence is submitted to the Appeals Council, ... [t]he newly submitted evidence is to become part of what we will loosely describe here as the 'administrative record,' even though the evidence was not originally included in the ALJ's record. If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision.") (citations omitted). We therefore conclude that the district court improperly considered Cotton's new evidence because the claimant failed to demonstrate good cause justifying a remand for administrative consideration of the new evidence.

■ Because the medical records presented to the ALJ (including the residual functional capacity assessments and the psychiatric testimony) clearly reveal that Cotton retains the capacity to perform light and sedentary work, and the vocational expert's testimony reveals that a significant number of suitable positions exist in the regional economy, we find the Secretary's decision supported by substantial evidence.

### III.

We REVERSE the district court's August 11, 1992 Order and Judgment for the aforementioned reasons.