12 F.3d 216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Luella WYATT, Plaintiff-Appellant;
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2331.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1993.
 
 Before: JONES and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Luella Wyatt appeals from the summary judgment denying her Supplemental Security Income payments ("SSI"). We affirm the district court.
 
 
 2
 * The facts in this case were developed at a hearing in Detroit before an administrative law judge ("ALJ") on August 6, 1990. At the time of the hearing, Plaintiff Luella Wyatt was 48 years old, five feet nine inches tall, and 266 pounds. She has a ninth grade education and has not worked since 1960 due to, she claimed, various disabilities such as frequent pain in several parts of her body, a weak grip, and shortness of breath. She also claimed to suffer from severe headaches caused by a nitroglycerine spray she uses. According to her testimony, she can only stand for ten minutes every eight hours, cannot lift more than five pounds, and spends her time sitting with her legs elevated. At the hearing, a vocational expert testified that, even assuming these disabilities, there were about 1600 unskilled, sedentary jobs in the Detroit area that the plaintiff could perform.
 
 
 3
 Finding much of her testimony to be "not credible," the ALJ determined that Wyatt was not "disabled" within the meaning of the social security regulations. J.A. at 16-17. He stated that he believed she could perform at least the number of jobs in the area that the vocational expert described. Wyatt then appealed her case to the Appeals Council of the Department of Health & Human Services ("HHS"). In doing so, she was permitted to supplement her record with a medical report dated December 17, 1990, from Dr. Charles W. McLeod. In the report, McLeod said that he diagnosed her with moderately severe carpal tunnel syndrome, which restricts her from using power tools, heavy lifting, and activities that involve continual flexing of her wrists. Notwithstanding consideration of the new report, on June 11, 1991, the Appeals Council denied her petition to review the ALJ decision, finding that the ALJ's evaluation of the evidence was proper. J.A. at 4-5. Wyatt then challenged the denial in federal court. A magistrate judge found that substantial evidence supported the ALJ decision, and the district court adopted the magistrate's report. Now, Wyatt asks us to reverse the court and award her benefits.
 
 
 4
 The HHS Secretary's decision on a denial of benefits is conclusive if supported by substantial evidence. 42 U.S.C. Sec. 405(g). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert. denied sub nom. Kirk v. Heckler, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the whole record and take into account both the supporting and the contradictory evidence. Wyatt v. Secretary of Health & Human Servs., 974 F.2d 680, 683 (6th Cir.1992). We must then uphold a determination supported by substantial evidence regardless of whether we would resolve the factual issues differently ourselves. Id. Upon review, we uphold the district court, as its determination is supported by substantial evidence in the record.
 
 II
 
 5
 The vocational expert at the administrative hearing testified that there were 1,600 jobs available in the Detroit area for Wyatt assuming she could not lift more than five pounds and could sit (or stand) for at least six hours in a day. These jobs included sorting, packaging, and bulk mailing assignments. The expert testified that many more jobs existed without the five-pound weight limitation. He testified, however, that if Wyatt's entire testimony regarding her capabilities were given full credibility, she would not be employable at all.
 
 
 6
 The ALJ ruled that he was "convinced that even when the claimant's impairments are viewed in combination, she can perform the sedentary jobs described by the vocational expert." J.A. at 15. Therefore, he found that the "claimant's testimony [was] not credible." Id. Upon review, we believe that this conclusion was supported by substantial evidence. While a bare assertion of a credibility problem does not provide substantial evidence, here the ALJ pointed to several specific things that undermined Wyatt's credibility. He found Wyatt's flat assertion that she could only stand for ten minutes out of an eight-hour day unbelievable in light of her testimony as to her activities, which included occasional cooking, driving, and shopping. He also decided that her claim that she suffered from terrible headaches from use of a nitroglycerin spray was not credible in light of the fact that there was no mention of headaches in her numerous medical reports. Finally, he observed that her apparent comfort during a lengthy administrative hearing cast doubt upon her claim of inability to perform the jobs.
 
 
 7
 The ALJ further emphasized her admissions that she could write legibly, button clothing, tie shoelaces, open jars, cook, drive, shop, and read the Bible as evidence of her ability to handle the basic skills needed for the jobs. His further impression that Wyatt lacks the desire and not the ability to work is supported by the fact that she has refused to have surgery to correct carpal tunnel syndrome even though such a procedure has been recommended to her since 1989. J.A. at 203.
 
 
 8
 Wyatt refers to a section of the HHS regulations,[1] asserting that the hypothetical situation presented there applies to her case. Regardless of whether that section provides an analogy to Wyatt's situation, it is irrelevant to the present case as the illustration is in the regulations to show that the ALJ is "not precluded" from awarding benefits in some cases that do not fit under other specific rules. The section does not require the award of benefits by the ALJ. Abbott v. Sullivan, 905 F.2d 918, 927 (6th Cir.1990). Wyatt also argues that the Secretary called the vocational expert's testimony "nonsensical" before the district court; the Secretary states that it only applied that label to Wyatt's interpretation of that testimony. This dispute is likewise irrelevant to our disposition.
 
 
 9
 For the above stated reasons, we hold that the ALJ's determination is supported by substantial evidence in the record.
 
 III
 
 10
 We also briefly address the parties' dispute concerning the scope of the evidence we may review on appeal. The appellant argues that we may consider Dr. McLeod's December 1990 report even though it was not before the ALJ but instead was issued after the ALJ decision and was submitted for the first time to the Appeals Council. However, under 42 U.S.C. Sec. 405(g), this evidence is not reviewable on appeal unless we find that good cause excuses the failure to proffer it to the ALJ.
 
 
 11
 42 U.S.C. Sec. 405(g) states that we can remand for consideration of new evidence only where the evidence is material and where good cause excuses the failure to submit the evidence earlier:
 
 
 12
 The court may ... at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.
 
 
 13
 This section obviously applies to evidence submitted for the first time in federal district court. At the time the parties briefed this case, the Seventh and Eighth Circuits also had correctly applied this section to new evidence submitted to the Appeals Council, when the Council has denied review.[2] Shortly before oral argument was held in the instant case, this circuit adopted that same analysis. Cotton v. Sullivan, 2 F.3d 692 (6th Cir.1993). In doing so, we acknowledged that the circuit "has not squarely confronted this issue," id. at 696, but after Cotton, it is clear that we have confronted it. For our purposes, when the Appeals Council has declined review, the Sec. 405(g) standard applies to all evidence submitted after the ALJ disposition. Because the ALJ decision is the Secretary's final one if the Appeals Council declines review, any evidence submitted after that decision is "new evidence" for federal court purposes. We must therefore treat the post-hearing evidence submitted to the Appeals Council no differently than evidence submitted for the first time to us.
 
 
 14
 Applying the Sec. 405(g) standard here, we can see no reason why Wyatt had good cause for not submitting the report's information to the ALJ before August 6, 1990. The report was issued pursuant to an examination in February, 1989. Wyatt does not attempt to show that she had good cause not to submit the information. Consequently, we find that a remand for consideration of this evidence is unwarranted.
 
 
 15
 Since the need to demonstrate good cause may not previously have been clear to Wyatt, fairness might invite our consideration of Dr. McLeod's report along with the other evidence before the ALJ. However, consideration of this report does nothing to alter our conclusion that the district court's decision was valid. At the hearing Wyatt and her attorney provided an earlier report of carpal tunnel syndrome by Dr. McLeod as evidence, and they discussed that diagnosis before the ALJ. See J.A. at 63-64, 203-12. That report contains much the same data as the later one, absent the statement by McLeod that Wyatt cannot use power tools, engage in heavy lifting, or perform activities that demand continual flexing of her wrists. The record indicates that even absent such a statement, the ALJ presumed these sorts of activities to be proscribed. According the new evidence the same weight as the other evidence in the record, we nevertheless find that reversal is unjustified.
 
 
 16
 Because sufficient evidence supports the administrative law judge's findings, we AFFIRM the judgment granted for HHS.
 
 
 
 [1]
 20 C.F.R. Part 404, Subpart P, App. 2, Sec. 201.00(h)
 
 
 [2]
 See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir.1992) ("If the Appeals Council grants review, its decision (absent a remand to the ALJ) becomes the Secretary's final agency action that is subject to judicial review. Here, on the other hand, the Appeals Council considered the new evidence submitted by Browning and then denied review.... [O]ur statutory jurisdiction is confined to review of the 'final decision of the Secretary,' 42 U.S.C. Sec. 405(g). Therefore, we may only review the ALJ's final decision, not the Appeals Council's non-final administrative decision to deny review."); Damato v. Sullivan, 945 F.2d 982, 988 (7th Cir.1991) (citation omitted) ("[I]f the Appeals Council denies a request for review, the ALJ's decision becomes the final decision of the Secretary, and judicial review is available only for final decisions of the Secretary.")