12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel McKERNAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2028.
 United States Court of Appeals, Sixth Circuit.
 Dec. 6, 1993.
 
 Before: KEITH and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 
 1
 Daniel McKernan, a pro se social security claimant, appeals a district court judgment affirming the Secretary's denial of his application for disability insurance benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Based on a prior application for benefits, McKernan was granted a closed period of disability for a back problem from August 27, 1985, to January 9, 1987. He then filed his current application for benefits on November 21, 1990, alleging a disability since May 14, 1987, also due to a back problem. He last met the disability insured status requirements for purposes of entitlement to disability insurance benefits on December 31, 1991.
 
 
 3
 An administrative law judge (ALJ) determined that McKernan had the residual functional capacity (RFC) to perform work that does not require prolonged sitting, standing or walking, lifting more than ten pounds, performing vigorous movements and regularly manipulating hand and foot controls. Relying on the medical-vocational guidelines and the testimony of a vocational expert, the ALJ found that there was a significant number of jobs in the national economy that McKernan could perform and that he was not disabled. After McKernan submitted new evidence to the Appeals Council for its consideration, his request for review was denied.
 
 
 4
 McKernan then sought judicial review of the Secretary's decision. A magistrate judge recommended granting summary judgment in favor of the Secretary. After de novo review in light of McKernan's objections, the district court accepted the magistrate judge's recommendation and dismissed the case.
 
 
 5
 McKernan's pro se brief is construed as arguing that the Secretary's decision is not supported by substantial evidence because the ALJ improperly evaluated his complaints of pain, did not take into account his depression, sleep disorder and hypertension, and, as a result, posed an insufficient hypothetical question to the vocational expert.
 
 
 6
 Initially, it is noted that a court may remand a case to the Secretary for consideration of additional evidence submitted after an ALJ's decision at any time, but only upon showing that there is new evidence which is material and that there is good cause for the claimant's failure to incorporate such evidence into the record in a prior proceeding. Melkonyan v. Sullivan, 111 S.Ct. 2157, 2163-64 (1991); Cotton v. Sullivan, No. 92-6392, 1993 WL 304394, at * 4 (6th Cir. Aug. 13, 1993). McKernan has not shown that the new evidence submitted to the Appeals Council was material, nor has he shown good cause why evidence of his alleged mental impairment was not submitted prior to the ALJ issuing his decision. A remand is not warranted based on the circumstances of this case.
 
 
 7
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision denying disability benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly evaluated McKernan's complaints of pain in accordance with Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.