83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dennis R. METCALF, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-3837.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1996.
 
 1
 Before: SUHRHEINRICH and SILER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Dennis R. Metcalf appeals a district court judgment affirming the Commissioner's denial of his applications for supplemental security income benefits and for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Metcalf filed applications for supplemental security income benefits and for social security disability insurance benefits alleging that he suffered from a back impairment. Following a hearing, an administrative law judge (ALJ) determined that Metcalf was not disabled because he could perform his past relevant work as a security guard. Therefore, the ALJ denied Metcalf's applications for benefits. The Appeals Council declined to review the ALJ's determination. Metcalf then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Metcalf argues that the ALJ did not consider his impairments in combination. The ALJ stated that he considered the entire record, that the combination of Metcalf's impairments did not meet a listed impairment, and that Metcalf's impairments did not prevent Metcalf from performing his past relevant work. Given these circumstances, no further articulation as to whether the ALJ considered Metcalf's impairments in combination is required. See Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 6
 Metcalf contends that he meets a listed impairment. However, Metcalf does not inform the court which listed impairment he feesl he satisfies. Therefore, we conclude that the argument is without merit.
 
 
 7
 Metcalf asserts that the ALJ should not have rejected his testimony. Credibility determinations with respect to subjective complaints of pain rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987) (per curiam). As the objective medical evidence simply does not support Metcalf's testimony, the ALJ's credibility determination is supported by substantial evidence.
 
 
 8
 Metcalf argues that he cannot perform light work. However, the medical evidence indicates that Metcalf can perform light work.
 
 
 9
 Finally, Metcalf contends that the case should be remanded to the ALJ for review of new evidence. However, Metcalf has not satisfied his burden in order to obtain a remand to the ALJ. See Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993).
 
 
 10
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation