87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald D. JOHNSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-4330.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1996.
 
 Before: MERRITT, Chief Judge; JONES and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Gerald D. Johnson appeals a district court judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Johnson filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffered from back pain. Following a hearing, an administrative law judge (ALJ) determined that Johnson was not disabled because Johnson could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Johnson then filed a complaint seeking a review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Johnson contends that the Commissioner failed to properly evaluate his impairments in combination. The ALJ stated that he evaluated Johnson's impairments in combination. Therefore, no further discussion is required by the ALJ. See Gooch v. Secretary of Health & Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 6
 Johnson contends that the ALJ erred by rejecting his testimony. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir.1987). As the objective medical evidence simply does not support Johnson's allegations of disabling pain, the ALJ's credibility determination was proper.
 
 
 7
 Johnson argues that the Commissioner ignored the opinion of a treating physician. A treating physician's opinion is afforded more weight than the opinion of a physician employed by the government. However, the ultimate determination of disability rests with the Commissioner and not the treating physician. See Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). As there is a conflict of opinion between the treating physicians, it was within the Commissioner's authority to resolve the conflict in the evidence.
 
 
 8
 Johnson states that the Commissioner erred by relying on the medical-vocational guidelines to satisfy her burden as he suffers from nonexertional impairments. However, Johnson does not suffer from a mental, sensory, or environmental limitation. Therefore, the Commissioner's use of the guidelines was proper. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987).
 
 
 9
 Finally, Johnson requests that the case be remanded to the Commissioner for a new hearing based on evidence presented to the Appeals Council. In Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993), we held that when new evidence is presented to the Appeals Council and the Appeals Council declines to review the ALJ's decision, the ALJ's decision becomes the final decision of the Commissioner. In order to obtain a remand, Johnson must show that new evidence was material and good cause existed for his failure to present the evidence to the ALJ. Id. Johnson has failed to satisfy this burden.
 
 
 10
 Accordingly, we affirm the district court's judgment.