89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bonnie COOK, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner, Social Security
Administration, Defendant-Appellee.
 No. 95-2254.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1996.
 
 Before: KEITH, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Bonnie Cook appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Cook filed an application for social security disability insurance benefits alleging that she suffered from a ruptured disc which was causing pain in her back and legs. Following a hearing, an administrative law judge (ALJ) determined that Cook was not disabled because Cook could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Cook then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted summary judgment for the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Cook contends that the ALJ failed to develop the record as to whether or not she suffered from a mental impairment. The ALJ has a duty to develop an adequate medical record to support his decision. Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1172 (6th Cir.1990). However, the burden of providing a complete record rests with the claimant. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 214 (6th Cir.1986). The medical evidence simply does not indicate that Cook suffered from any mental impairment.
 
 
 6
 Following the ALJ's determination, Cook filed a psychological report with the Appeals Council. However, the Appeals Council declined to review the ALJ's decision. In Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993), this court held that when new evidence is presented to the Appeals Council and the Appeals Council declines to review the ALJ's decision, the ALJ's decision becomes the final decision of the Commissioner. Therefore, the evidence provided to the Appeals Council is not reviewable by this court.
 
 
 7
 Accordingly, we affirm the district court's judgment.