89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria ROWELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 95-3336.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: JONES, BOGGS, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Gloria Rowell appeals a district court judgment affirming the Commissioner's denial of her applications for supplemental security income benefits and for social security disability insurance benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Rowell filed applications for supplemental security income benefits and for social security disability insurance benefits alleging that she suffered from a seizure disorder. Following a hearing, an administrate law judge (ALJ) determined that Rowell was not disabled because she could perform her past relevant work as a drug counselor. Therefore, the ALJ denied Rowell's applications for benefits. The Appeals Council declined to review the ALJ's determination. Rowell then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 3
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 4
 Rowell argues that she meets two listed impairments. However, our review of the evidence shows that she does not meet a listed impairment found in 20 C.F.R. Part 404, Subpart P., Appendix 1.
 
 
 5
 Rowell also contends that the case should be remanded to the ALJ for a review of new evidence. However, Rowell has not satisfied her burden in order to obtain a remand to the ALJ as the new evidence is not material. See Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993); Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711-12 (6th Cir.1988) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment.