94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leon JOHNSON, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-2174.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: MERRITT, Chief Circuit Judge; BATCHELDER, Circuit Judge; and DOWD, District Judge*.
 MERRITT, Chief Judge.
 
 
 1
 This appeal arises from a denial of disability benefits under the Social Security Act. We find that substantial evidence supports the Secretary's decision and therefore affirm the decision below on the same bases identified in the Magistrate Judge's Report and Recommendation.[1] We will briefly discuss the issues raised in Mr. Johnson's appellate brief.
 
 
 2
 Mr. Johnson makes two primary arguments on appeal. First, Mr. Johnson appeals the finding that he was not totally disabled due to a combination of alcoholism and his other ailments for the period 1983 to 1987. Second, Mr. Johnson appeals the ALJ's finding that, even assuming some psychological problems and a past drinking problem, he can perform a full range of medium work.
 
 
 3
 Mr. Johnson's first argument is that the ALJ did not adequately consider his alleged alcoholism. Alcoholism alone does not mandate a finding of disability; it must also be accompanied by substantial interference with normal activities. "[T]he mere inability to control alcohol intake is not sufficient to allow a finding of disability. There must be serious interference with the claimant's day-to-day activities." Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.09; Smith v. Secretary of Health and Human Servs., 893 F.2d 106, 108, 110 (6th Cir.1989) (quoting LeMaster v. Secretary of Health and Human Servs., 802 F.2d 839, 842 (6th Cir.1986)); Gerst v. Secretary of Health and Human Servs., 709 F.2d 1075, 1079 (6th Cir.1983). The burden of producing evidence of a disability during the relevant period is on the claimant. Tyra v. Secretary of Health and Human Servs., 896 F.2d 1024, 1028 (6th Cir.1990).
 
 
 4
 The crux of Mr. Johnson's complaint about the decisions below is that the ALJ did not accord the proper weight to Mr. Johnson's testimony and that of his brother concerning his alleged alcoholism. In fact, Mr. Johnson did not meet his burden of demonstrating that he was disabled before June 30, 1987. For the most part, the medical records for the relevant period show treatment for various minor ailments, including knee pain due to a ligament tear, mild hypertension, lower back problems and skin problems allegedly due to exposure to Agent Orange. See Admin.Rec. at 202-33, 242-56.[2] Mr. Johnson's medical records for the relevant time period reveal one hospitalization for alcohol abuse and depression, but there is no record of a diagnosis of or subsequent treatment for alcoholism or severe alcohol abuse. Id. at 252-53. The medical records demonstrate, at most, a sporadic alcohol problem during the relevant period, not the existence of a disabling condition.
 
 
 5
 Mr. Johnson also contends that the medical testimony of Dr. Amberg, which found Mr. Johnson suffering from post traumatic stress disorder and "reactive schizophrenic process," was not given adequate weight. However, the report was not before the ALJ and the Magistrate Judge therefore refused to consider it. Report and Recommendation at 4. Mr. Johnson asserts that it was error for the Magistrate Judge to refuse to consider the report because the Appeals Council did consider the report. Admin.Rec. at 3-4. However, when the Appeals Council declines to review the ALJ's decision, as happened here, judicial review is limited to the evidence that was part of the administrative record. Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir.1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir.1993).
 
 
 6
 Furthermore, as stated in the Appeals Council decision, even if the report were considered, it would not change the outcome. Dr. Amberg's 1991 evaluation of Mr. Johnson is of limited value to the inquiry here because it does not address Mr. Johnson's condition during the 1983 to 1987 relevant period. See Dr. Amberg's Psychological Report, Admin.Rec. at 8-10.
 
 
 7
 While more recent records, such as the report of Dr. Amberg, demonstrate that Mr. Johnson's condition may have deteriorated since 1987, there is substantial evidence to support the ALJ's finding that Mr. Johnson's condition was not disabling during the relevant period.
 
 
 8
 Moreover, even assuming some alcohol problems, the record does not reflect that alcohol caused "serious interference" with Mr. Johnson's day-to-day activities during the relevant period. There is evidence in the record that during the relevant period and as late as 1989 that Mr. Johnson took care of his own grooming, visited with friends and relatives, mowed his mother's lawn, played pool, went to the movies and took walks up to an hour in length. Mr. Johnson lived alone at times during the relevant period and apparently cared for his living quarters and meals. See, e.g., Admin.Rec. at 137-40.
 
 
 9
 Mr. Johnson then contends in his appeal that the vocational expert was not given a proper hypothetical because it did not sufficiently emphasize Mr. Johnson's problems with alcohol during the relevant period. The ALJ, however, need not, and did not, include Mr. Johnson's unsubstantiated complaints in the hypothetical. Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990). Giving Mr. Johnson "the benefit of the doubt," as the ALJ described it, the vocational expert was asked to consider someone suffering from "adjustment disorder" with "anxious mood," which was a diagnosis given to Mr. Johnson's condition during the relevant period, with "some drinking." ALJ Decision at 5-6, Admin.Rec. at 26-27. Based on the hypothetical, the vocational expert found that a person with the limitations mentioned could perform a full range of medium work.
 
 
 10
 For the foregoing reasons and for the reasons more fully set out in the Magistrate Judge's Report and Recommendation, we affirm the District Court's grant of summary judgment for the Secretary. There is substantial evidence that Mr. Johnson was not disabled and retained the residual capacity to perform a full range of medium work that existed in the national economy before June 30, 1987, the date on which Mr. Johnson's eligibility for benefits ceased.
 
 
 
 *
 The Honorable David D. Dowd, Jr., District Judge, United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 In contravention of the Rules of this Circuit, the parties failed to include with their briefs the opinion of the District Court, the Magistrate Judge's Report and Recommendation and any objections and responses thereto. 6th Cir.R. 11(j)(2) states:
 SOCIAL SECURITY CASES. In appeals from a district court involving a review of a decision of the Secretary of Health and Human Services under the Social Security Law, ... the appellant shall attach to the appellant's brief copies of ... the opinion and order of the district court from which the appeal is taken, the report and recommendation of the U.S. Magistrate, if any, together with any objections thereto. If the appellant fails to attach a copy of the opinion and order and report and recommendation of the Magistrate to the appellant's brief, the United States Attorney shall attach a copy to appellee's brief.
 (Emphasis added.) In order to undertake a thorough review of the parties' arguments, it was necessary for the Court to obtain the required documents from the Clerk's Office.
 
 
 [2]
 References to the administrative record will be cited as "Admin.Rec. at ----."