103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lee Roy HAMLIN, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 96-5587.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Lee Roy Hamlin appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hamlin filed an application for social security disability insurance benefits alleging that he suffers from chronic obstructive pulmonary disease, numbness in the leg, unstable knees, anxiety, depression, and pain in the back, knees, ankles, and chest. Following a hearing, an administrative law judge (ALJ) determined that Hamlin was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Hamlin then filed a complaint seeking review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Hamlin contends that he is disabled under Rule 203.12 of 20 C.F.R. Part 404, Subpart P, Appendix 2. Hamlin argues that the Commissioner cannot overrule this rule by relying on the testimony of a vocational expert. However, Rule 203.12 applies to an individual who can perform only sedentary work. The medical evidence shows that Hamlin can perform light work with various restrictions. Therefore, this regulation does not apply to Hamlin's case. Furthermore, as Hamlin has non-exertional limitations, the Commissioner is prohibited from relying on the medical-vocational guidelines in satisfying her burden. Damron v. Secretary of Health and Human Servs., 778 F.2d 279, 282 (6th Cir.1985). Thus, Hamlin's argument is without merit.
 
 
 6
 Finally, we note that Dr. Dubin's medical report of February 21, 1995, is not reviewable by the court. The report was submitted to the Appeals Council and not the ALJ. Evidence which was not presented to the ALJ cannot be considered by the court. See Cotton v. Sullivan, 2 F.3d 692, 695-96 (6th Cir.1993).
 
 
 7
 Accordingly, we affirm the district court's judgment.