110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert HEATH, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-3592.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Robert Heath appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Heath filed an application for social security disability insurance benefits alleging that he suffered from a bulging disc, back and leg pain, emphysema, asthma, and impaired concentration. Following a hearing, an administrative law judge (ALJ) determined that Heath was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Heath then filed a complaint seeking review of the Commissioner's decision. The parties consented to have the case tried before a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Heath contends on appeal that he is entitled to a remand due to new evidence which he presented to the Appeals Council. A court may remand a case to the Commissioner for consideration of additional evidence only upon a showing that the evidence is new and material, and that there was good cause for the claimant's failure to incorporate the evidence into the prior proceeding. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir.1993). To prove materiality, a claimant must demonstrate that there is a reasonable probability that the ALJ would have reached a different decision if the evidence had been presented during the administrative hearing. Sizemore v. Secretary of Health and Human Servs., 865 F.2d 709, 711 (6th Cir.1988). The evidence in question here does not meet the materiality test. We see no reasonable probability that the evidence would have caused the ALJ to reach a different determination. Accordingly, Heath is not entitled to a remand.
 
 
 5
 Heath also contends that the decision of the Commissioner is not supported by substantial evidence. However, the medical evidence from treating and examining physicians indicates that Heath is capable of performing sedentary work. In addition, the objective medical evidence does not support Heath's claims of disabling pain. The Commissioner's decision is supported by substantial evidence. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989).
 
 
 6
 Accordingly, we affirm the district court's judgment.