**James J. AUXIER, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

No. 00–6714.

United States Court of Appeals, Sixth Circuit.

May 9, 2002.

Before GUY and BATCHELDER, Circuit Judges; COHN *, District Judge.

* The Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation.

BATCHELDER, Circuit Judge.

The plaintiff appeals the district court's order adopting the United States Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, which affirmed the Social Security Commissioner's denial of the plaintiff's application for Social Security Disability Insurance Benefits because the plaintiff failed to prove that he suffered from a severe impairment or combination of impairments. For the reasons that follow, we affirm the district court's order.

## BACKGROUND

On March 5, 1997, the plaintiff, James J. Auxier, filed an application for Social Security Disability Insurance Benefits ("DIB"), alleging a disability onset date of November 4, 1996, the day he was involuntarily released from his employment as an insurance salesman because of decreased productivity and sales. Auxier asserted that he suffered from severe chronic lumbosacral radiculitis, an inflammation of the spinal nerve roots pertaining to the lumbar vertebrae, which may cause back and leg pain, as a result of a September 1, 1995, motor vehicle accident and a fall in 1991. Auxier also sustained a cervical strain and has a degenerative disc disease.

Auxier was examined and treated by Dr. Gary Wahl, his treating physician, from March 1, 1996, until approximately June 24, 1996. Wahl then referred him to a pain management center under the direction and care of Dr. Joseph Maggioncalda, a certified anesthesiologist and pain management and critical care specialist, for pain management and physical therapy. From October 1996 through January 1997, Auxier had notable improvement and reduced pain; on February 18, 1997, how-

ever, Dr. Maggioncalda diagnosed him with chronic lumbosacral radiculitis and reported that Auxier had made only slight progress. These conclusions were not supported by Dr. Maggioncalda's notes or confirmed by objective testing. On February 21, 1997, Auxier returned to Dr. Wahl, but Dr. Wahl merely filled out forms and did not treat him.

On May 20, 1997, Dr. Gregory McComis conducted an independent examination of Auxier and determined that Auxier could return to work without any restrictions. Auxier underwent an independent, orthopedic examination, performed by Dr. Sherry Roddy, on August 17, 1997, who found no physical evidence for significant restriction in Auxier's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects, or traveling. On October 10, 1997, Dr. Wahl completed a medical assessment of Auxier's ability to perform work-related functions and opined that Auxier could lift no more than five pounds, stand no more than fifteen minutes at a time for a total of one to two hours, and could sit for no more than fifteen minutes at a time for a total of three hours during an eight-hour work day. Dr. Wahl also stated that Auxier could never climb, balance, stoop, crouch, kneel, or crawl and that pain prevented him from performing his past work or any other work and necessitated lying down during the day. Dr. Wahl did not provide any objective evidence supporting these findings.

A hearing was held on January 22, 1998, at which a vocational expert testified, and on February 19, 1998, an Administrative Law Judge (ALJ) found that Auxier did not have a severe impairment because his condition did not significantly limit his ability to perform basic work-related functions for a continuous period of at least twelve months. The ALJ denied Auxie's application. The Appeals Council denied review of the ALJ's decision, so it became final. Auxier appealed this decision to the federal district court in the Western District of Kentucky, and an assigned Magistrate Judge issued Findings of Fact, Conclusions of Law, and a Recommendation dismissing his appeal,[1] which the district court adopted. Auxier now appeals the district court's decision.

## ANALYSIS

We review the findings in a Social Security DIB case to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir.1993). We may not try the case de novo, nor may we resolve conflicts in evidence. *Cohen v. Sec'y of Dep't of Health & Human Serv.*, 964 F.2d 524, 528 (6th Cir.1992). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way," *Cotton*, 2 F.3d at 695, and it is more than a scintilla but less than a preponderance, *Cohen*, 964 F.2d at 528. The claimant bears the ultimate burden of proving a disability. *Cotton*, 2 F.3d at 695.

An individual is entitled to disability benefits "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national

1. We note that Auxier did not file specific objections to the Recommendation of the Magistrate Judge but only a general "Exception." Although Auxier has arguably failed to preserve his right to appeal, *see, Miller v.* *Currie*, 50 F.3d 373, 380 (6th Cir.1995) the Commissioner has not raised the point and we will exercise our discretion to review the matter on its merits.

economy." 42 U.S.C. § 423(d)(2)(A). A non-severe impairment is a slight abnormality which has such a minimal effect on the individual that it does not interfere with his ability to work. *Landsaw v. Sec'y of Health & Human Serv.*, 803 F.2d 211, 213 (6th Cir.1986). We evaluate every medical opinion offered, 20 C.F.R. § 404.1527(d), and we give deference to medical opinions and diagnoses of treating physicians, but they are not entitled to complete deference and thus are not controlling if they are inconsistent with other substantial evidence or unsupported by detailed objective criteria and documentation. 20 C.F.R. §§ 404.1527(d)(2)-(4) & 416.927(d) (as explained in Social Security Ruling 96–2p); *Cutlip v. Sec'y of Health & Human Serv.*, 25 F.3d 284, 287 (6th Cir. 1994); *Cohen*, 964 F.2d at 528. We also give more weight to the opinion of a specialist, § 404.1527(d)(5), and to a treating physician who has been seeing the individual for an extended period of time, § 404.1527(d)(2)(i); § 416.927(d)(2)(i).

A five-step sequential evaluation process is required for evaluating a disability claim. We must determine whether the claimant (1) is engaged in a substantial gainful activity; (2) has an impairment or combination of impairments that significantly limit(s) his ability to perform basis work activities; (3) has an impairment that satisfies the duration requirement and or suffers from an impairment in the Listings; (4) has a residual functional capacity to return to his past relevant work; and (5) is able, based upon his residual functional capacity, age, education, and past work experience, to perform a significant number of jobs in the national economy. 20 C.F.R. §§ 404.1520 & 416.920.

In the present action, we conclude that the findings of the ALJ, Magistrate Judge, and district court are supported by substantial evidence and thus agree that Auxier's claim for DIB should be denied at the second step of the five-step evaluation process because he failed to establish that he suffered from an impairment or combination of impairments severe enough to inhibit his ability to perform his job as an insurance salesman or any other work in the national economy. Consistent with SSR 96–2p and 20 C.F.R. §§ 404.1527(d) & 416.927(d), controlling weight cannot be given to the opinions of Dr. Wahl and Dr. Maggioncalda because first, when Dr. Wahl made his October 10, 1997, findings of a limitation, he had not treated Auxier since June 24, 1996, and he did not offer any objective testing or physical examination results to support these findings. Moreover, Dr. Wahl's conclusions are inconsistent with the observations of both Dr. McComis and Dr. Roddy, who conducted independent examinations of Auxier and found no such limitations. Further, Dr. Maggioncalda's diagnosis of chronic lumbosacral radiculitis was not confirmed by objective testing, and his limitations findings were not supported by his notes. Finally, Dr. Maggioncalda is an anesthesiologist, not a specialist in neurological or orthopedic disorders.

Because we evaluate every medical opinion, and the opinions of Dr. Wahl and Dr. Maggioncalda are not controlling, we find as the ALJ, Magistrate Judge and district court did, that substantial evidence, based on the evaluations of Dr. McComis and Dr. Roddy, supports the conclusion that Auxier failed to establish a disability severely impairing his ability to work. Accordingly, we affirm the Commissioner's decision and deny the plaintiff's application for DIB.

## CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.