**Samuel YAMIN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–2471.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before BATCHELDER and CLAY, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

Samuel Yamin, a pro se Michigan resident, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Yamin filed an application for social security disability insurance benefits alleging that he was disabled due to the residual effects of an accident which cut nerves, muscles, and bones in his lower left leg. After a hearing, the administrative law judge (ALJ) denied Yamin benefits because the ALJ determined that Yamin could perform a significant number of jobs in the economy prior to the expiration of his insured status. The Appeals Council declined to review the ALJ's decision.

Yamin then filed a civil action seeking judicial review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989).

■ Yamin asserts that his leg injury satisfies several listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. However, Yamin failed to raise the issue at the district court level. Therefore, the argument is waived. See Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 149 (6th Cir.1990).

■ Yamin also challenges the ALJ's credibility determination and the weight given to the opinion of Dr. Meerschaert. Credibility determinations and resolving conflicts in evidence are the responsibility of the Commissioner. Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (1994). The ALJ is not bound to accept Yamin's testimony regarding his pain. See Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 592 (6th Cir.1987). In evaluating Yamin's allegations of pain, the ALJ noted that the record did not indicate the medication level necessary to support Yamin's claim of extreme pain. The record indicates that as of August 1997, Yamin's pain medication consisted of Tylenol on a

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

periodic basis. As Yamin used only mild medications, this evidence suggests that Yamin was not disabled due to pain. *See Maher v. Sec'y of Health & Human Servs.,* 898 F.2d 1106, 1109 (6th Cir.1989).

In evaluating Dr. Meerschaert's opinion, the ALJ explained that Yamin's treatment with Dr. Meerschaert occurred a year after his insured status expired. Thus, Dr. Meerschaert's opinion that Yamin was disabled was not relevant to the time prior to the expiration of Yamin's insured status. Further, Dr. Meerschaert only examined Yamin on two occasions. These two examinations did not give Dr. Meerschaert a long term overview of Yamin's condition.

As the Commissioner notes, Dr. Morawa, a treating physician, stated that following a July 1998 operation, Yamin was doing very well and needed to perform his foot and ankle exercises. Although Yamin reported having some problems with the orthotic device for his ankle, Dr. Morawa stated that Yamin simply needed a new device. Dr. Morawa did not place any restrictions on Yamin's work related activities. As Dr. Morawa placed no work related restrictions on Yamin, this constitutes evidence supporting the Commissioner's decision that Yamin was not disabled. *Id.*

Yamin has provided a copy of a settlement agreement which he had with Henry Ford Hospital. Yamin argues that the hospital changed his records and lied to him and the Commissioner. The settlement agreement concerned a malpractice suit which Yamin had against Ford. The court may consider evidence submitted after an ALJ's decision only for the purpose of determining whether a remand is appropriate under sentence six of 42 U.S.C. § 405(g). *See Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir.1993). Yamin has not requested a remand. Further, the settle-

ment agreement does not provide any additional medical facts which would warrant a remand.

At the administrative hearing, the ALJ obtained the testimony of a vocational expert. After several hypothetical questions, the vocational expert stated that given Yamin's medical condition, Yamin could work as an assembler, packager, inspector, security guard, and attendant. As the vocational expert's testimony establishes that there are a substantial number of jobs in the economy which Yamin could perform, the decision of the Commissioner that Yamin is not disabled is supported by substantial evidence.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.