**Wayne CLINE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 95–3206.**

United States Court of Appeals, Sixth Circuit.

Argued March 19, 1996.

Decided May 1, 1996 *.

---

* This decision was originally issued as an "unpublished decision" filed on May 1, 1996. On Au-gust 27, 1996, the court designated the opinion as one recommended for full-text publication.

David T. Tarr (argued and briefed), Canton, OH, for Plaintiff-Appellant.

Steven J. Paffilas (argued and briefed), Office of U.S. Attorney, Cleveland, OH, for Defendant-Appellee.

Before: LIVELY, MARTIN, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

Wayne Cline appeals the denial of disability insurance benefits, arguing that the district court improperly failed to consider new medical evidence considered by the Appeals Council. Cline also argues that the Administrative Law Judge's decision, even without the new evidence, was not supported by substantial evidence. Finally, Cline claims that the magistrate judge violated due process by failing to hold oral argument. All of Cline's contentions lack merit. We affirm.

## I

Cline underwent a colostomy after he was diagnosed with rectal cancer. In other words, his rectum was removed and replaced with an artificial excretory opening from the colon, called a colostomy. Cline thus had no control over his waste discharge and wore a bag attached to his colostomy to collect waste. According to Cline, this left him unable to work in his prior jobs as a truck driver and upholsterer. Indeed, Cline claims here that he can no longer perform any substantial gainful work activity as a result of his colostomy.

At Cline's administrative hearing, the Administrative Law Judge (ALJ) heard testimony from a medical expert and a vocational expert, in addition to testimony from Cline himself. The ALJ found that although Cline did suffer from a severe impairment, the impairment was not medically equivalent to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1, and Cline did have the residual functional capacity to perform a significant amount of light work. Cline then sought review by the Appeals Council, appending a psychiatric evaluation of himself that had been conducted the day after the ALJ's decision. The Appeals Council considered this new evidence but found no basis for granting

the request for review. Cline next filed a complaint in the district court, which referred the case to a magistrate judge. The magistrate judge recommended affirming the ALJ's decision, and he declined to consider the new psychiatric evidence submitted for the first time to the Appeals Council. Cline objected on two grounds: first, the magistrate judge failed to allow oral argument even though he had supposedly "promised" it; second, the magistrate judge was required to consider the new psychiatric evidence because the Appeals Council had done so. In a thorough and well-reasoned opinion, the district court accepted the magistrate judge's recommendation in full and affirmed the ALJ's denial of disability benefits.

## II

Cline's primary argument is that because the Appeals Council considered his new psychiatric evidence, the district court was required to do so as well. He is mistaken. In *Cotton v. Sullivan*, 2 F.3d 692, 695–96 (6th Cir.1993), this court decided a case very much like Cline's, holding that where the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision. The district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding. *Id.* at 696. When the district court issues such a remand order, under sentence six of 42 U.S.C. § 405(g), it "does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991); *see also Faucher v. Secretary of*

*Health and Human Services,* 17 F.3d 171, 173–75 (6th Cir.1994).[1]

■ In order to obtain a remand for further administrative proceedings, section 405(g) clearly requires a showing of both materiality and good cause, and Cline falls far short with respect to the latter requirement. The district court noted that Cline's primary argument on "good cause" appeared to be that his legal representative was not sufficiently acquainted with him in order to determine his need for psychiatric evaluation. According to Cline's counsel, it was only at the hearing that he was able to spend "a considerable amount of time" with Cline and come to the conclusion that a "psychological" evaluation might be useful. The district court properly found this excuse to be unpersuasive. The district court stated that counsel should have notified the ALJ of Cline's need for a psychiatric examination as soon as he realized it at the hearing. Counsel had an entire month to notify the ALJ before the ALJ made his decision, but Cline's lawyer elected to wait and submit the new evidence to the Appeals Council for the first time. This is clearly not good cause. Even if we excuse counsel's failure to acquaint himself with his client before the hearing, Cline cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional psychiatric evidence.

■ Cline also suggests that because the Appeals Council considered his new psychiatric evidence, it might implicitly have found good cause. Cline fails to realize, however, that the Appeals Council is not required to find good cause in order to consider new evidence. There is no mention of "good

cause" in 20 C.F.R. § 404.970(b), which sets forth the basis upon which the Appeals Council will review new evidence. The only apparent criteria are that the evidence be "material" and that it "relate[ ] to the period on or before the date of the administrative law judge hearing decision." Therefore, there is no merit to Cline's suggestion here.[2]

## III

■ Cline next asserts that the ALJ's decision was not supported by "substantial evidence." 42 U.S.C. § 405(g); *Young v. Secretary of Health and Human Services,* 925 F.2d 146, 147 (6th Cir.1990). We disagree. The ALJ correctly applied the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. First, he found that Cline was not currently engaged in substantial gainful activity. Second, he found Cline's colostomy problem to be a "severe" impairment. Third, he concluded that the impairment was not listed "or medically equal to one listed" in 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, he accepted Cline's contention that Cline could not perform past relevant work. Fifth, he nonetheless determined that there were a significant number of jobs in the national economy available to Cline. With respect to this final determination, the ALJ found that Cline's residual functional capacity allowed him to do a substantial amount of light work, except that Cline needed an option to sit or stand and that Cline could not do the full range of lifting required by some light jobs. In evaluating the availability of relevant jobs, the ALJ appropriately relied upon the testimony of a vocational expert (VE).

---

1. Sentence six of section 405(g) states, in relevant part: "The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the

additional record and testimony upon which the Commissioner's action in modifying or affirming was based." 42 U.S.C. § 405(g) (1995).

2. The district court did not address the question of materiality—it did not need to. We observe, nonetheless, that Cline's "new" evidence was probably immaterial. Rather than demonstrate any kind of disability, the psychiatric report simply sets forth a diagnosis of depression and recommends treatment with antidepressants. In other words, the report merely evaluates Cline's condition in an untreated state.

■ Cline contends that the ALJ erred in questioning the VE because the ALJ did not fully credit Cline's testimony. Cline had testified that he needed to irrigate his colostomy three, four, or five times a day and that it took an hour each time to do so. The ALJ's question to the VE, however, assumed that irrigation did not interfere substantially with Cline's ability to work—the need to irrigate was not a part of the hypothetical question. On cross-examination, Cline's lawyer then asked the VE what effect there would be on an employee's ability to work if, during the regular eight-hour work period, he needed "three or four hours a day off to irrigate his colostomy." The VE replied that such circumstances "would reduce his ability to perform the job." Tr. at 85. Cline now argues that the ALJ should have considered these circumstances and the VE's answer to Cline's hypothetical in making his factual findings. As explained in *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir.1987) (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir.1984)), "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" Cline claims that the ALJ's hypothetical was inadequate and that his own question should have been the basis for the ALJ's findings. According to Cline, the ALJ should have found no jobs available in the national economy.

We believe that the ALJ properly rejected Cline's hypothetical question. The ALJ decided that Cline's complaints regarding his colostomy were not "supported by or consistent with the evidence" and were not fully credible. Tr. at 17. Given the various inconsistencies in Cline's testimony and his evasiveness at the hearing, the ALJ could easily have found his complaints to be questionable. Moreover, the ALJ heard testimony by a medical expert, who pointed out that colostomy patients normally adapted to their condition and "manage[d] to live very comfortably with a colostomy." Tr. at 69. Although Cline's alleged problems were unusual, the expert acknowledged that the medical records showed no indication of any difficulties with the colostomy. Cline himself admitted that he never told his treating physicians anything was wrong with his colostomy. As a result, there was ample reason for rejecting Cline's allegation that he needed three or four hours to irrigate his colostomy in any given 8–hour work period. The ALJ was not required to assume that all of Cline's testimony was credible in questioning the VE, *see Varley*, 820 F.2d at 780, and thus there was substantial evidence to uphold the ALJ's findings.

## IV

■ Cline's final argument is that the magistrate judge denied due process when he did not hold oral argument in reviewing the ALJ's decision. Cline avers that the magistrate judge "promised" oral argument in his order of May 3, 1994. Although the magistrate judge's May 3 order did state that "[t]he case will be scheduled for argument following the deadline for filing the Secretary's memorandum of law," the order also limited oral argument to matters set forth in the plaintiff's statement of errors. Rule 72(b) of the Federal Rules of Civil Procedure permits a magistrate judge to hold oral argument, but it certainly does not require such argument.[3] As the district court here pointed out, the primary purpose of oral argument is for the judge to ask questions, and the magistrate judge obviously found no reason to ask any questions of Cline or the Commissioner. Furthermore, the Supreme Court has noted that "the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." *Federal Communications Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353 (1949). "[T]he right of oral argument as a matter of procedural due process varies from case to case in accordance with differing circumstances, as do other procedural regulations."

---

3. Rule 72(b) states, in relevant part: "A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be made of such other proceedings as the magistrate judge deems necessary."

*Id.* In the instant appeal, Cline has not highlighted any circumstances to show an especial need for oral argument. Cline was free to present any and all relevant arguments in his initial submission to the court, and there was nothing in the magistrate judge's order to mislead Cline into thinking that this initial submission did not have to be complete. Under these circumstances, it cannot be said that procedural due process was violated in any way.

The district court's judgment is **AFFIRMED**.