**Opal GWYDDIONIAID, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 00–6745.

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2001.

Before KEITH, NORRIS, and BATCHELDER, Circuit Judges.

Opal Gwyddioniaid appeals a district court order granting summary judgment for the defendant after the Commissioner of Social Security denied her application for supplemental security income (SSI) benefits. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Gwyddioniaid filed her application for SSI benefits, alleging that she was disabled because she suffered from asthma, emphysema, thyroid problems, a nervous condition, back ailments, and depression. Upon review of Gwyddioniaid's application, the administrative law judge (ALJ) concluded that she suffered from the severe impairments of mild chronic pulmonary disease, hypertension, hypothyroidism, irritable bowel syndrome, low back pain, eczema associated with nervousness, borderline intellectual functioning, anxiety disorder, dysthymic disorder, and dependent personality traits. However, she did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. While Gwyddioniaid was unable to perform her past relevant work, she had the residual functional capacity (RFC) to perform work that did not involve more than occasional climbing, stooping, bending, crouching, crawling, kneeling, or balancing. Although she could sit and/or stand for up to eight hours daily, she could do each for no more than two to three hours at a time and required a sit/stand option. Gwyddioniaid could only lift up to 20 pounds occasionally and 10 pounds frequently, and she was seriously limited but not precluded in her ability to follow work rules, deal with the public, interact with supervisors, function independently, and carry out detailed instructions. In reliance on the testimony of a vocational expert (VE), the ALJ concluded that a significant number of jobs existed in the regional and national economy that Gwyddioniaid could perform. Therefore, he determined that Gwyddioniaid was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Gwyddioniaid, proceeding through counsel, sought judicial review of the Commissioner's decision. The district court concluded that substantial evidence existed to support the Commissioner's decision, and the court granted summary judgment for the defendant. Gwyddioniaid, now proceeding pro se, has filed a timely appeal.

We note initially that Gwyddioniaid argues for the first time on appeal that: 1) the Commissioner failed to obtain all of her medical records from one of her doctors; 2) a physician's assistant misquoted her; 3) this court should remand the case for a jury trial; 4) since a psychologist prepared a report with scurrilous comments about her, he should be removed as a social security expert; and 5) she cannot afford the treatment to remedy her conditions. Because Gwyddioniaid did not raise any of these arguments in the district court, this court will not consider them in the first instance on appeal. *See Minger v. Green*, 239 F.3d 793, 802 (6th Cir.2001).

Gwyddioniaid has attached to her brief recent medical documentation, which was not presented to the Commissioner or the district court. This court cannot consider evidence which was not initially presented in the administrative proceeding. *See Cotton v.. Sullivan,* 2 F.3d 692, 695–96 (6th Cir.1993). However, this court can remand the case for further administrative proceedings in light of the evidence, if Gwyddioniaid shows that the evidence is new and material, and that good cause exists for not presenting it in the prior proceeding. *Cline v. Comm'r of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir.1996). The medical records submitted by Gwyddioniaid do not provide any new information on her condition. Instead, they deal with minor complaints or reiterate matters previously discussed in other records. Consequently, the records are not material and do not justify remand to the Commissioner for further consideration.

The administrative record also contains a medical report from Dr. Rastogni. While this report was not submitted to the ALJ, Gwyddioniaid's counsel did submit it to the Appeals Council in his request for review, and the Council considered the report before denying the request. Nonetheless, since the Council denied review and never considered the case fully on the merits, this evidence is not properly before the federal courts and cannot be considered in reviewing the denial of Gwyddioniaid's application. *Cotton,* 2 F.3d at 695–96.

Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health &*

*Human Servs.,* 46 F.3d 552, 555 (6th Cir. 1995). If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently, *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994), and even if the claimant's position is also supported by substantial evidence. *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1233 (6th Cir.1993). Substantial evidence exists to support the ALJ's determination of Gwyddioniaid's RFC. Further, since the ALJ's hypothetical question accurately reflected Gwyddioniaid's RFC, the VE's testimony constitutes substantial evidence to support the ALJ's decision. *Cline,* 96 F.3d at 149–50.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.