Tammy JEFFRIES, Plaintiff–
Appellant,

v.

COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.

No. 00–4481.

United States Court of Appeals,
Sixth Circuit.

Oct. 26, 2001.

Claimant sought judicial review of the decision of the Commissioner of Social Security, affirming the ALJ's denial of her applications for social security disability and supplemental security income benefits. The District Court entered summary judgment in favor of Commissioner, and claimant appealed. The Court of Appeals held that: (1) remand to the Commissioner for consideration of new report from claimant's orthopedic surgeon was not warranted; (2) evidence was not sufficient to support finding that social security disability claimant could still perform her past relevant work; (3) ALJ gave sufficient deference to the opinion of claimant's treating physician; and (4) evidence was sufficient to support finding that claimant was not disabled.

Before Boyce F. MARTIN, JR., Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Tammy Jeffries appeals a district court judgment that affirmed the Commissioner's denial of her applications for social security disability and supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Jeffries's "subjective allegations of pain possibly related to carpal tunnel syndrome" amounted to a severe impairment, even though her condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, he also found that Jeffries was not disabled because she could still perform her past work. In the alternative, the ALJ found that Jeffries was not disabled because she retained the capacity to perform a limited but significant number of other jobs. This opinion became the final decision of the Commissioner on May 7, 1999, when the Appeals Council declined further review.

Jeffries filed a timely complaint in federal court, and a magistrate judge recommended that the Commissioner's decision be affirmed. The district court adopted this recommendation on September 29, 2000, and entered a summary judgment in favor of the Commissioner (amended 10/6/00). It is from this judgment that Jeffries now appeals.

Jeffries argues that her case should be remanded to the Commissioner for consideration of new evidence under sentence

six of 42 U.S.C. § 405(g). The proposed evidence consists of the report of an orthopaedic surgeon, Dr. Sheridan, which was drafted in November 1999. To obtain a remand, Jeffries must show that this evidence is material and that she had good cause for failing to incorporate it in the prior administrative proceeding. *See Cline v. Commissioner of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir.1996).

■ Jeffries argues that Dr. Sheridan's report is material because it indicates that her condition is equivalent to the disabling impairment that is described in Listing 11.04 of Appendix 1. This argument is unpersuasive because the ALJ's decision was rendered more than a year before Dr. Sheridan drafted his report and Jeffries has not shown that the report relates back to her condition at that time. *See Wyatt v. Secretary of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir.1992).

■ Jeffries has also failed to show good cause for her delay in submitting the report. *See Cline*, 96 F.3d at 149. She argues that she could not have submitted the report earlier because she did not have a referral from her treating physician, Dr. Kaiser. However, she has not shown that she requested such a referral, and the record demonstrates that Dr. Kaiser was willing to refer her to several other consultants. Thus, a remand is not warranted. *See id.*

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

Jeffries also argues that the ALJ erred by finding that she retained the ability to perform medium work. It appears that the opinions in the medical record generally limit Jeffries to light and sedentary work. However, the ALJ's finding on this point is not dispositive because a vocational expert testified that her past jobs had all involved light and sedentary work. Moreover, the vocational expert's response to the ALJ's hypothetical question indicated that a significant number of other light and sedentary jobs were still available to her. Thus, any error regarding Jeffries's ability to perform medium work was not fatal to the ALJ's rationale in this case. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

■ The ALJ found that Jeffries could still perform her past relevant work as a ticket taker, money counter and billing clerk. Jeffries now argues that she can no longer perform the reaching and handling skills that are required of this type of work, and the medical record generally indicates that she is limited in the repetitive use of her hands for fine manipulation. Therefore, we conclude that the ALJ's finding that Jeffries retained the ability to perform her past work was not supported by substantial evidence.

Since Jeffries could not perform her past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to her. *See Harmon v. Apfel*, 168 F.3d 289, 291

(6th Cir.1999). The ALJ determined the number of jobs that were available to Jeffries by posing the following hypothetical question to a vocational expert:

Q Okay, I'd like you to assume we have a younger person who is a high school graduate and has had past relevant work at both the semi skilled and unskilled level who would be limited to a medium level of exertion with no repetitive use of the hands for fine manipulation, ... Are there other jobs that would fit the hypothetical?

■■ Jeffries argues that the ALJ did not afford sufficient deference to the opinion of her treating physician, Dr. Kaiser, which indicated that her ability to reach and handle objects was severely limited. The opinion of a treating physician is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 287 (6th Cir.1994). However, an ALJ is not bound by such an opinion if there is substantial medical evidence to the contrary. *Id.*

Jeffries's argument is unavailing because Dr. Kaiser's opinion was not fully supported by direct reference to "detailed, clinical, diagnostic evidence in his reports." *Walters*, 127 F.3d at 530. Moreover, his conclusion that she is totally disabled was contradicted by the reports of several other physicians. Dr. Pugar reported that Jeffries's neurologic examination was entirely normal, and Dr. Flettner reported a normal carpal alignment. Dr. Watson indicated that she could perform light work that did not involve pushing, pulling or repetitively handling small objects. Dr. Schwetschenau noted that her symptoms did not support a diagnosis of carpal tunnel syndrome, and Dr. McDonough reported that all of her lab work was negative. Finally, in 1998, Dr. Mayfield ordered a radiology exam and nerve studies which

indicated that Jeffries's hands and wrists were normal, that there were no abnormal erosive changes, and that the carpal tunnel views were unremarkable. Under these circumstances, the ALJ gave adequate deference to Dr. Kaiser's opinion by finding that Jeffries retained the ability to perform only a limited range of work that did not involve the repetitive use of her hands for fine manipulation. *See Cutlip*, 25 F.3d at 287; *Bogle*, 998 F.2d at 347–48.

■ Jeffries also argues that the ALJ erred by discounting her allegations of disabling pain. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir.1990). As indicated above, Jeffries's allegations are not fully supported by the medical record. Hence, there is substantial support for the ALJ's finding that she was not fully credible. *See id.* at 1182–83.

The assumptions in the ALJ's hypothetical question were adequately supported by the medical record. *See Cline*, 96 F.3d at 150. In response, the vocational expert identified approximately 3,900 medium and 6,600 light and sedentary jobs in the regional economy that Jeffries could still perform. This response satisfied the Commissioner's burden of showing that a significant number of jobs were still available to Jeffries, even if the medium jobs described are not considered. *See Harmon*, 168 F.3d at 291–92. Thus, substantial evidence supports for the Commissioner's ultimate determination that Jeffries was not disabled.

Accordingly, the district court's judgment is affirmed.