**Jeffrey A. COLVIN, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 02–3159.

United States Court of Appeals, Sixth Circuit.

Jan. 28, 2003.

Before NELSON and CLAY, Circuit Judges; and HAYNES, District Judge.*

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*ORDER*

Jeffrey A. Colvin appeals a district court judgment affirming the Commissioner's denial of his application for supplemental security income benefits. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Colvin filed an application for supplemental security income benefits alleging that he suffered from the residual effects of a gun shot wound to his ankle, alcohol abuse, drug abuse, personality disorder, and borderline intellectual functioning. After a hearing, the administrative law judge (ALJ) determined that Colvin was not disabled because he could perform a substantial number of jobs in the economy. The Appeals Council declined to review the ALJ's determination. Colvin then filed a complaint seeking judicial review of the Commissioner's decision. The district court subsequently granted judgment to the Commissioner.

Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. See *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

Colvin objects to the medical opinion of Dr. Starkey on the ground that he has never met this doctor. (The record reveals that Dr. Starkey is a state physician who reviewed Colvin's medical records but did not examine Colvin.) Colvin did not raise this argument before the district court and, therefore, the argument is not reviewable on appeal. See *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993).

Colvin challenges the ALJ's use of hypothetical questions because he did not understand at the time of the hearing the meaning of a hypothetical question. This court has held that a vocational expert's response to hypothetical questions constitutes substantial evidence to determine the existence of a disability. See *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir.1996). In this case, the ALJ's hypothetical question accurately portrayed the credible limitations of Colvin's physical and mental impairments. Based on Colvin's limitations as set forth in the ALJ's hypothetical questions, the vocational expert testified that there are 3,500 jobs in the local region which Colvin could perform. These jobs included assembly worker, office clerk, and inspector. The ALJ's use of hypothetical questions does not constitute reversible error.

Colvin also questioned how he could perform assembly line work given his inability to engage in prolonged standing. In response to this question the ALJ reexamined the vocational expert, asking whether assembly line work could be performed by someone with Colvin's sitting and standing limitations. The vocational expert testified that even given Colvin's particular sitting and standing requirements. Colvin could perform the particular assembly jobs which she had identified. Colvin acknowledged that the reexamination of the vocational expert by the ALJ clarified his question

The record also reveals that Colvin was repeatedly asked whether he had any questions for the vocational expert and he declined to ask any further questions. As the vocational expert's testimony establishes that an individual with Colvin's physical limitations could perform a substantial number of jobs in the economy, the decision of the Commissioner is supported by substantial evidence.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.