**Leonard Milton ERVIN,**
**Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL**
**SECURITY, Defendant–**
**Appellee.**

**No. 03–3160.**

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Leonard Milton Ervin, pro se, Cleveland, OH, for Plaintiff–Appellant.

Lynne H. Buck, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

*ORDER*

Leonard Milton Ervin appeals pro se from a district court judgment that affirmed the Commissioner's denial of his application for supplemental security income. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that Ervin had a severe impairment that consisted of "residual pain secondary to a cervical and lumbar strain." The ALJ found that he could not perform his past work, even though his condition was not equal to any of the impairments that are listed in Appendix 1 of the regulations. However, the ALJ also found that Ervin could still perform a full range of sedentary work. Thus, the ALJ determined that Ervin was not disabled by relying directly on the medical-vocational guidelines that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.21. This opinion became the final decision of the Commissioner on October 2, 2001, when the Appeals Council declined further review.

A magistrate judge subsequently recommended that the Commissioner's decision be affirmed. The district court adopted this recommendation over Ervin's objec-

tions, and dismissed the case on January 6, 2003. It is from this judgment that he now appeals.

Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.... [T]his court can remand for further consideration of [new] evidence only where the party seeking remand shows that the new evidence is material and that there was good cause for not presenting the evidence in a prior proceeding.

*Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989) (citations omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *See Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir.1993).

The ALJ's finding that Ervin was able to perform a full range of sedentary work is amply supported by Dr. Saghafi's report, which indicates that he could perform the rigorous demands of heavy work. *See Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). It is also supported by Ervin's activities, which include childcare, shopping, housecleaning, paying bills, and driving a school bus. *See Bogle*, 998 F.2d at 348. Thus, the ALJ properly determined that Ervin

was not disabled by relying directly on the medical-vocational guidelines. *See Atterberry v. Sec'y of Health and Human Servs.*, 871 F.2d 567, 572 (6th Cir.1989).

Erwin now argues that "Medical Professionals" are concealing his true condition, but he has not cited any evidence to support this assertion. He also argues that he has more information regarding his condition and that the ALJ should have considered other evidence that arose prior to his application for benefits. However, Ervin has not specifically identified any material evidence that is not already in the record, and he has not presented sufficient grounds to justify a remand of his case. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (6th Cir.1996).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.