NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0179n.06

No.  12-5816

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 15, 2013*
DEBORAH S. HUNT, Clerk

JACKIE L. TEMPLES,                          )
                                            )
    Plaintiff-Appellant,                    )
                                            )    ON APPEAL FROM THE
v.                                          )    UNITED STATES DISTRICT
                                            )    COURT FOR THE WESTERN
COMMISSIONER OF SOCIAL SECURITY,            )    DISTRICT OF KENTUCKY
                                            )
    Defendant-Appellee.                     )
                                            )

BEFORE:  MARTIN and GILMAN, Circuit Judges; FOWLKES, District Judge.[*]

PER CURIAM.  Jackie L. Temples appeals a district court judgment affirming the denial of her applications for social security disability insurance benefits and for supplemental security income benefits.

In 2006, Temples filed applications for social security disability insurance benefits and for supplemental security income benefits, alleging that she became disabled in February 2004.  Both applications for benefits were denied initially and on reconsideration.  Temples then requested a hearing before an administrative law judge (ALJ).  After a hearing, the ALJ determined that Temples was not disabled.  The Appeals Council declined to review Temples' case.  A subsequent request by Temples to reopen the case for consideration of additional medical evidence was denied.  The district court affirmed the Council's denial of Temples' applications for benefits.

---

[*]The Honorable John T. Fowlkes, Jr., United States District Judge for the Western District of Tennessee, sitting by designation.

On appeal, Temples argues that: (1) the ALJ erred by giving minimal weight to the opinions of her treating physician and psychiatrist; (2) the ALJ erred by finding that her testimony was not credible; (3) the ALJ erred by relying on certain testimony from the vocational expert; and (4) the Appeals Council erred by refusing to reopen and remand her case to the ALJ for consideration of additional medical evidence.

Our review of the Commissioner's decision is limited to whether the decision is supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id*. at 406 (internal quotation marks and citation omitted).

Temples argues that the ALJ erred by giving minimal weight to the opinion of her treating physician, Dr. Vivek Jain. Dr. Jain who concluded that Temples was able to sit for only one hour in an eight-hour work day; that she could only occasionally lift or carry up to ten pounds; and that she was unable to stand, walk, or use her hands or feet for repetitive movements. Temples also argues that the ALJ erred by giving minimal weight to the opinion of her treating psychiatrist, Dr. Janice Bunch, who concluded that Temples had marked to extreme limitations in several areas of work-related mental functioning. An ALJ must give controlling weight to the medical opinion of a treating physician if the opinion is supported by the medical evidence and is not inconsistent with the other substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285–86 (6th Cir. 2009). An ALJ "must articulate 'good reasons' for not giving the opinions of a treating physician controlling weight." *Id.* at 286 (citation omitted).

The ALJ explained that only minimal weight was given to Dr. Jain's functional assessment because the doctor's treatment notes did not support his conclusion that Temples was nearly unable to perform any work-related functions. Further, Dr. Jain's assessment was contradicted by a significant amount of other evidence in the record, including the findings of Dr. Jeffrey Stidam. Dr. Stidam found that Temples had normal hand strength and finger manipulation. She had no apparent physical ailments that limited her daily activities, except for a decreased range of motion in her spine that prevented her from lifting more than ten to fifteen pounds. Dr. Jain's assessment was also contradicted by the findings of several physicians who found that Temples had no significant musculoskeletal abnormalities.

The ALJ also explained his decision to give only minimal weight to the opinion of Dr. Craig Bunch. Dr. Bunch's treatment notes did not demonstrate a basis for concluding that Temples had marked to extreme limitations in numerous areas of work-related mental functioning. Further, Dr. Bunch's conclusions were contradicted by other evidence in the record pertaining to Temples' mental impairments. These sources found Temples' work-related mental functioning to be no more than moderately limited.

Temples argues that the ALJ erred by finding that her testimony concerning her pain was not credible. We accord great weight and deference to an ALJ's credibility finding, but such a finding must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). The ALJ reasonably discounted Temples' testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence in the record. *See* 20 CFR §§ 404.1529(a), 416.929(a). Further, the ALJ did not give undue consideration to Temples' ability

to perform day-to-day activities. Rather, the ALJ properly considered this ability as one factor in determining whether Temples' testimony was credible. *See Walters*, 127 F.3d at 532.

Temples asserts that the ALJ erred by relying on the testimony of the vocational expert. Temples argues that the ALJ's hypothetical questions to the vocational expert were flawed because they did not incorporate her functional limitations identified by Dr. Jain and Dr. Bunch. The ALJ's hypothetical questions were not flawed because the opinions of Dr. Jain and Dr. Bunch were not supported by the record. Therefore, the ALJ was not required to incorporate these opinions in the hypothetical questions that were submitted to the vocational expert. However, the hypothetical questions that the ALJ did use properly incorporated the functional limitations that the ALJ found to be supported by the record. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Finally, Temples argues that the Appeals Council erred by refusing to reopen and remand her case to the ALJ for consideration of medical evidence that she obtained in August and September 2010. The evidence in question consisted of records from Dr. Amir Zia, who concluded that, based on certain test results, Temples had parasympathetic autonomic dysfunction. We lack jurisdiction to review the Appeals Council's refusal to reopen Temples' case because she has not raised any colorable constitutional claim. *See Califano v. Sanders*, 430 U.S. 99, 108–09 (1977). Further, Temples was not entitled to a remand under sentence six of 42 U.S.C. § 405(g), *see Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996), because she did not set forth a valid reason for failing to acquire and present the evidence to the ALJ, or request that the record remain open for the

No. 12-5816
*Temples v. Comm'r of Soc. Sec.*

submission of additional evidence. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).

The district court's judgment is affirmed.