NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0122n.06

Case No. 21-2848

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| JAMIE MARIE PIERSON, | ) | **FILED**<br>Mar 18, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant-Appellee. | ) | OPINION |

Before: MOORE, WHITE, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. When the Appeals Council of the Social Security Administration declines to review a disability determination made by an administrative law judge (ALJ), it has not made a final decision subject to judicial review under 42 U.S.C. § 405(g). It has instead rendered the decision of the ALJ final and reviewable. In this appeal, Jamie Marie Pierson challenges only the decision of the Appeals Council denying review of her case. That decision is not properly before us, so we affirm.

I.

Pierson formerly worked as a nanny, daycare assistant teacher, and babysitter. She alleges that she lost the ability to work in early 2015 because of lower back pain and a back surgery. That pain, which she described as debilitating, was accompanied by numbness in her legs and feet. She also reported difficulties with standing, sitting, laying down for long periods, and making movements that involved her lower back. Her first surgery, an L5 laminectomy, took place on

February 24, 2015. She contends that pain in her lower back and difficulties with moving continued after the surgery, although records indicate that she received little additional treatment in 2016 and 2017. But when her symptoms persisted, and new neck pain developed, she was referred again to a neurosurgeon in 2018.

Pierson applied for supplemental security income (SSI) on November 14, 2016. She alleged that her disability began on the date of her L5 laminectomy. After the agency initially denied her claim, she requested and received a hearing before an ALJ.

Both Pierson and David E. Huntington, "an impartial vocational expert," appeared and testified at the hearing on September 21, 2018. Nearly three months later, on December 13, the ALJ decided that Pierson was not disabled under the definition in 42 U.S.C. § 1382c(a)(3)(A). He determined that Pierson had not engaged in substantial gainful activity since her SSI application date and that she suffered from obesity and degenerative disc disease of the lumbar spine, post laminectomy. After reviewing Pierson's long treatment history and crediting the opinions of the state agency's medical consultant over those of Pierson's primary-care physician, the ALJ determined that she had the residual functional capacity to perform light work, subject to some limitations. The ALJ described, among other things, Pierson's complaints of back pain in January 2016; her physical examination in February 2016 revealing "a decreased range of motion with back flexion and extension, pain with flexion, extension, and lateral flexion, tenderness to palpation a[t] the lower lumbar facets, sacroiliac joints, and lumbar paraspinals"; June 2016 imaging showing the "unchanged appearance of [a] small central and left paracentral disc bulge at L5-S1"; reported "moderate tenderness posteriorly at L4 and L5 and decreased range of motion after failing physical therapy again" in August 2016; and her physician's review of imaging in April 2018 revealing "a protruded cervical disc and lumbar disc herniation." ALJ Decision,

Admin. Record, PageID 57–58. The ALJ acknowledged that Pierson lacked the residual functional capacity to babysit again. But because he agreed with Huntington that Pierson could work as a marker, sorter/inspector, or garment sorter, he determined that she was not disabled within the meaning of the Social Security Act.

Six months after the ALJ's decision, in June 2019, Pierson had another back surgery. So when she appealed the denial of benefits to the Appeals Council, she submitted evidence describing that lumbar-spine procedure. In her view, as expressed here and at the district court, the 2019 documentation proved that her 2015 surgery had been unsuccessful, so the ALJ was wrong to "rel[y] upon the [2015 surgery's] successful correction of [her] nerve pain."[1] Appellant Br. at 13–14. But the Appeals Council denied her request to review the decision. It determined that because her "additional evidence does not relate to the period at issue . . . it does not affect the decision about whether [she was] disabled beginning on or before December 13, 2018." Notice of Appeals Council Action, Admin. Record, PageID 34. It advised Pierson to file a new SSI application to claim any disability arising after the decision of the ALJ and notified her that she could file a civil action.

Pierson then sued the Commissioner in the district court. She alleged that the Appeals Council erred in declining to review her post-decision evidence and sought a remand under sentence six of 42 U.S.C. § 405(g). A magistrate judge recommended affirming the decision of the ALJ because Pierson raised no issues about that decision and it, not the Appeals Council's denial of review, was the Commissioner's final decision. The magistrate judge also recommended denying the request for a remand, reasoning that the new evidence was not material because

---

[1] Pierson appears to dispute the ALJ's statement that she "tolerated the uncomplicated [2015] surgery well." *See* Appellant Br. at 13 (quoting ALJ Decision, Admin. Record, PageID 57).

Pierson had not demonstrated that it "would have reasonably altered the ALJ's decision that [Pierson] was not disabled."[2] Report & Recommendation, R. 17, PageID 896

Pierson objected only to the first recommendation. Specifically, she argued that the Appeals Council erred in not considering "the merits of the [new] evidence submitted" based solely on the date of the 2019 surgery. Objections to Report and Recommendation, R. 18, PageID 901–02; *see also id.* at 904 ("Excluding such evidence [perfunctorily] because the evidence was discovered subsequently is improper. The actual consideration of the evidence and its relevance must be required by the Commissioner."). She then requested a "remand for the proper application of the law." *Id.* at 903. Pierson did not challenge the magistrate judge's materiality determination or denial of a sentence-six remand.

The district court adopted the magistrate judge's report in full and affirmed the SSI denial. The district court determined that it could not review the Appeals Council's denial of review and

---

[2] The magistrate judge reasoned:

> In explaining the basis for his RFC determination, the ALJ found that, while Plaintiff's complaints of disabling pain were supported by objective medical evidence, the intensity, persistence, and limiting effects that she alleged were not entirely consistent with the evidence in the record. The ALJ recognized that even after her lumbar spine surgery in February 2015, Plaintiff's back issues had not resolved as she complained about back pain once again in January 2016. He noted that in February 2016, when Plaintiff saw Ryan Topham, M.D., for pain management, she had decreased range of motion in her back, tenderness to palpation in a number of areas, and positive Fabere testing bilaterally, but she exhibited normal tone and strength in her extremities, negative straight-leg raises, a normal gait, and normal reflexes. The ALJ further noted that, during the April 28, 2017 consultative physical examination by Laureen McGuire, M.D., Plaintiff had a stiff, shuffling, slow, and antalgic gait with a right-sided limp, but demonstrated full strength throughout, symmetrical reflexes, intact sensation, and no muscle atrophy. Plaintiff could also walk on her heels, toes, and in tandem without difficulty, but had pain with heel walking. The ALJ observed that Plaintiff had received minimal treatment in 2016 and no treatment in 2017, but in April of 2018 reported continued back pain and new onset of neck pain to her primary care provider and was again referred to neurosurgery in July 2018.
>
> In short, the ALJ found that Plaintiff had a serious back impairment that limited her to light work with postural restrictions and a sit/stand option, but did not render her totally disabled. Given the evidence in the record and the ALJ's recognition that Plaintiff's lumbar condition had not resolved during the relevant period, there is no indication that the new evidence of Plaintiff's July 2019 back surgery—which confirmed what the ALJ had already recognized—would have altered the ALJ's findings for the period ending December 13, 2018.

Report & Recommendation, R. 17, PageID 896–97 (citations omitted).

that Pierson did not object to the magistrate judge's determination "that [she] failed in her burden of showing materiality" of the new evidence. Pierson has now filed this timely appeal.

## II.

The only issue Pierson raises on appeal is "a legal error of the Appeals Council." Appellant Br. at 7. She claims it erred in declining to consider evidence of the lumbar-spine surgery she underwent in June 2019, six months after the decision of the ALJ.

In social-security appeals, we normally review whether the decision to deny benefits was made using the proper legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). But we can review only a "final decision of the Commissioner of Social Security." 42 U.S.C. § 405(g). So we must first ask whether the denial of review by the Appeals Council—the only decision Pierson challenges here—was a final decision subject to judicial review.[3]

It was not. "When the [A]ppeals [C]ouncil denies review, the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam) (citations omitted) And although "new material evidence may be submitted for consideration to the [A]ppeals [C]ouncil pursuant to 20 C.F.R. § [416.1470(a)(5)], on appeal we still review the ALJ's decision, not the denial of review by the [A]ppeals [C]ouncil." *Id.*; *see also* 20 C.F.R. § 422.210(a) ("A claimant may obtain judicial review of a decision by an administrative law judge or administrative appeals judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner."). The only "final decision" of the

---

[3] We start with this question despite that none of Pierson's briefing before us or at the district court addresses it.

Commissioner in Pierson's case is the decision of the ALJ, and she has brought no challenge to that determination.

Additionally, Pierson's appeal to new evidence cannot rescue her case. She says that the Appeals Council was wrong to determine that it did "not relate to the period on or before the date of the [ALJ] hearing decision" under 20 C.F.R. § 416.1470(c). But even if § 405(g) allowed the district court to reverse that determination of the Appeals Council, it could not rely on the 2019 documentation to do so. Instead, it could rely on her new evidence only to "remand the case for further administrative proceedings in light of the evidence, if [she had] show[n] that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993)) (describing a remand under sentence six of § 405(g)).

Pierson moved for a sentence-six remand below, and the magistrate judge recommended denying her request. But she neither objected to that recommendation to the district court nor challenged the denial in her brief here. Instead, in both her objections to the report and recommendations and her brief on appeal, Pierson argued only that the Appeals Council erred in assuming that the 2019 surgery did not relate to the relevant time period, not that the magistrate judge was wrong to conclude that evidence of the 2019 surgery would not have changed the ALJ's decision because it "confirmed what the ALJ had already recognized." Report & Recommendation, R. 17, PageID 897. For these reasons, we find that Pierson has forfeited any argument for a sentence-six remand. *See Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) ("[W]hen a party is notified that it must object to a magistrate judge's report and it does not do so, the party 'is deemed to waive review of the district court's adoption of the magistrate judge's recommendations.'" (citation omitted)); *Miller v. Admin. Off. of the Cts.*,

6

448 F.3d 887, 893 (6th Cir. 2006) ("[I]ssues are waived when 'not raised in the appellant's opening brief.'" (citation omitted)).

## III.

Because the only decision Pierson challenges is one that we cannot review under § 405(g), we affirm the decision of the district court.